FILED
DECEMBER 13, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 7006

JUDGE MANNING
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO )<br> )<br> ) 07 C<br>         Plaintiff )<br> )<br>V. )<br> )<br>ESPERANZA FINANCIAL SERVICES )<br>OCWEN LOAN SERVICING )<br>MORTGAGE ELECTRONIC REGISTRATION )<br>SYSTEM )<br>WMC MORTGAGE CORPORATION )<br> )<br>         Defendants ) | |

## COMPLAINT TO RESCIND MORTGAGE PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Now comes Jose J. Jaramillo ("Plaintiff"), by and through his attorneys, Leibowitz Law Center, and complains against Esperanza Financial Services, ("Esperanza"), WMC Mortgage Corporation ("WMC"), Mortgage Electronic Registration Systems ("MERS") and OCWEN Loan Servicing ("OCWEN") pursuant to the Truth in Lending Act, 15 U.S.C. §1601 (hereinafter called "TILA"). Plaintiff brings forth this action to enforce his right to rescind a consumer credit transaction, to void the security interest in his home, and to recover statutory damages, reasonable attorneys fees and costs by reason of Esperanza's violations of TILA and Regulation Z, 12 C.F.R. §226 (hereinafter called "Regulation Z").

## JURISDICTION

1. Jurisdiction is conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C. §§1331 and 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. The Plaintiff, Jose J. Jaramillo, is a natural person residing at 1323 N. Cedar Lake Road, Lake Villa, IL – 60046 (the "Property").

4. At all times relevant thereto, Defendant Creditor, Esperanza, was a "creditor" within the meaning of 15 U.S.C. §1601

5. At all times relevant thereto, Defendant Assignee, WMC, was an "assignee" within the meaning of 15 U.S.C. §1601

6. At all times relevant thereto, Defendant Assignee, MERS, was an "assignee" within the meaning of 15 U.S.C. §1601.

7. On information and belief, OCWEN is the current servicer of the loan.

8. OCWEN or whoever is the current servicer of the loan is not the real party in interest. The real party in interest on information and belief is a mortgage pool or trust as to which the loan has not yet been assigned or transferred.

9. Such mortgage pool or trust is not and cannot be a holder in due course by reason if its failure to have assignments of the mortgage.

10. At all times relevant thereto, Esperanza, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a

finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

11. Plaintiff entered into a consumer credit transaction (hereinafter "Transaction") with Esparanza in which the extended consumer credit was subject to a finance charge and which was initially payable to Esparanza.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. At the time of the refinance, Plaintiff was employed as a foreman with a local paving company.

13. On or about September 2006, Plaintiff contacted Esparanza regarding obtaining a refinance on the Property. An employee of Esparanza (the "Employee") worked with Plaintiff over a period of three weeks promising to obtain an advantageous loan package that met Plaintiff's financial needs at the time.

14. The Employee eventually informed Plaintiff that the right loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate interest rate.

15. Plaintiff agreed to the refinance with the understanding that the adjustable rate interest rate on the smaller loan amount would start at a rate no higher than 8%.

16. The closing on the Transaction was set to take place on October 25, 2006. At the closing, Plaintiff was not represented by an attorney.

17. The parties at the closing included the Plaintiff, Plaintiff's wife, the title agent and an employee of Esparanza. The employee of Esparanza present at the

closing was an individual other than the one who had been communicating periodically with the Plaintiff regarding the details of the loan.

18. Just prior to signing the loan documents, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjustable rate for the larger loan amount and the fixed rate for the smaller loan amount.

19. Additionally, contrary to Plaintiff's prior understanding, the interest rate was higher than the 8% that he had been promised earlier.

20. The Plaintiff was an unsophisticated consumer acting without the benefit of legal counsel and relying on the expertise of his mortgage broker.

21. Ultimately as a result of the last minute bait and switch at the closing table, Plaintiff ended up with a loan package that was not the one he had bargained for.

22. The Transaction comprised of two mortgages. The first mortgage ("First Mortgage") was an adjustable rate transaction for a principal amount of $276,000.00 with an initial interest rate of 8.5%. A true and correct copy of the First Mortgage is attached hereto as Exhibit A. The second mortgage ("Second Mortgage") was a 30 year fixed rate mortgage for a principal amount of $69,000.00 at the rate of 10.9%. A true and correct copy of the Second Mortgage is attached hereto as Exhibit B.

23. As part of this Transaction, Esperanza retained a security interest in the Property which is used as the principal dwelling of Plaintiff.

24. The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

25.     On or about October 30, 2006 Esparanza assigned the obligation to WMC. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233863.

26.     On or about November 7, 2006 WMC assigned the obligation to MERS. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233864.

27.     No other assignments have been recorded with the Lake County Recorder of Deeds as of December 10, 2007.

28.     In addition to the bait and switch at the closing table, Plaintiff did not receive the proper disclosures related to the refinance.

29.     Despite Plaintiff's signed acknowledgement that he had received 2 copies of the notice of the right to rescind, Plaintiff did not actually receive 2 copies pursuant to 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b). Pursuant to 15 USC §1635(c), any evidence provided by Esparanza, WMC or MERS showing a written acknowledgement by Plaintiff of his receipt of the required disclosures serves only as a rebuttable presumption of delivery.

30.     On November 6, 2007, Plaintiff notified Esparanza by U.S. Mail, postage prepaid, certified mail, return receipt requested, that he was exercising his right to rescind the transaction pursuant to TILA.  A true and correct copy of the rescission letter is attached hereto as Exhibit C.

31.     The letter was returned due to the fact that Esperanza had moved without leaving a change in address.

32. On November 15, 2007 Plaintiff, by and through his attorney, sent a copy of the same rescission letter to WMC.

33. More than 20 calendar days have passed since the rescission letter was sent to WMC.

34. WMC and Esperanza have failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction, described in Paragraph 9, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

35. WMC, Esperanza and MERS have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

## I. "TILA"

36. In the course of this Consumer Credit Transaction, Esperanza, WMC, MERS and OCWEN violated 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b) by failing to deliver to Plaintiff two copies of a notice of the right to rescind which:

 a. Identified the transaction.

 b. Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

 c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

 d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Creditor's place of business.

 e. Clearly and conspicuously disclosed the effects rescission.

  f.  Clearly and conspicuously disclosed the date the rescission period expired.

  37. The Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to rescind and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3). Since the required disclosures were not provided, Plaintiff has up to three years after consummation of the transaction to rescind.

  38. Pursuant to 15 U.S.C. 1640(a)(2)(A)(iii), Plaintiff is entitled to an award of $2,000.00 damages together with costs and attorney's fees for Esperanza, WMC and MERS' failure to respond properly to Plaintiff's rescission notice.

  39. Plaintiff has placed the Property for sale since October 2007. Plaintiff is willing to make tender of the original principal balance of the mortgage less such funds awarded by the Court in damages as an offset.

  40. In addition Plaintiff is entitled to a full accounting and refund of any and all payments made by Plaintiff to any of the Defendants in connection with their Consumer Credit Transaction as described in 15 U.S.C. §1635(b). Plaintiff is entitled to a detailed accounting and refund of all payments and charges that Plaintiff would not have incurred but for the credit transaction. This is including, but not limited to, any and all finance charges, earnest money, down payment, closing costs, points, credit insurance premiums, security interest charges, application fees, membership fees, commitment fees, appraisal fees, survey fees, title search fees, broker fees, credit report fees, filing fees, document preparation fees, attorney fees, and credit insurance premiums. These payments include

payments made directly to the creditor, paid by the Plaintiff directly to a third party or payments passed on from the creditor to a third party.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in Plaintiff's favor by:

a. Assuming jurisdiction of this proceeding;

b. Declaring that Plaintiff validly rescinded the transaction

c. Declaring that any mortgages or security interest held by Esperanza, WMC, MERS, and OCWEN on the Property are void and unenforceable;

e. Ordering that Esperanza, WMC, MERS, and OCWEN provide Plaintiff with an accounting and refund of all payments made by Plaintiff to him as described in paragraph 40 of this Complaint.

f. Awarding Plaintiff with $2,000.00 in statutory damages for Esperanza, WMC, MERS, and OCWEN's failure to timely respond to Plaintiff's rescission notice.

g. Awarding reasonable attorney's fees and costs pursuant to the TILA, 15 U.S.C. § 1640;

h. Awarding such other relief as the Court deems appropriate and just.

## COUNT II – FRAUD IN THE INDUCEMENT

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as though set forth fully herein.

42. Plaintiff sought to refinance his home in an effort to pay off a truck which has a relatively short life-span compared to a loan on a house with a 60 year amortization schedule and 30 year life.

43. The finance charge incurred for the life of the loan is grossly disproportionate to the benefit received by the borrower incident to this loan.

44. The loan package created by Esperanza ended up providing no substantial economic benefit to the Plaintiff.

45. Additionally, at several instances prior to the closing of the Transaction, Plaintiff was specifically informed that he would be obtaining two loans from Esperanza. The First Mortgage for $276,000.00 was supposed to be at a fixed interest rate and the Second Mortgage for $69,000.00 was supposed to be at an adjustable rate.

46. In reality, the interest rates on the loans were interchanged at the last minute prior to closing.

47. Additionally, the loan was not underwritten to the ability of the Plaintiff to pay off the loan over the life of the loan.

48. Esperanza and its underwriters knew or should have known of the lack of economic benefit from the loan package they were presenting to the Plaintiff at the time.

49. The subsequent assignees, WMC and MERS, purchased these subprime loans knowing that they were without economic benefit to the Plaintiff.

50. Furthermore, Esperanza, WMC and MERS knew or should have known of the deficiencies in the underwriting because it was their pattern and practice to acquire such loans.

51. Representations regarding the interest rates on each of the loans were material facts which had been made by the Employee of Esperanza for the purpose of inducing the Plaintiff to accept the Transaction.

52. These representations were known to be false by the Employee at the time, but reasonably believed to be true by the Plaintiff.

53. Esperanza knowingly misrepresented material facts regarding the interest rates, at a time when, and under circumstances where, there was a duty to disclose.

54. Each of Esperanza's acts and omissions of representation and concealment were material to the transaction.

55. Each of Esparanza's acts and omissions of representation and concealment were made with the intent of misleading Plaintiff into relying upon it.

56. Plaintiff was justified in relying on the representation and a lack of any concealment, and did, in fact so rely in choosing Esperanza as its lender in this transaction.

57. Esparanza benefited from Plaintiff's reliance by causing Plaintiff to enter into the transaction and by gaining additional profits resulting from Plaintiff's reliance on Esparanza's acts and omissions.

58. As a direct consequence of such reliance, Plaintiff has suffered damages, past, present and future, including but not limited to, the loss of the

benefit of his bargain, paying an excessive price for the refinance, excessive finance charges, damages to his credit rating, mental anguish, humiliation, embarrassment and aggravation, together with costs and attorney fees incurred in obtaining relief from Esparanza's wrongful acts and omissions.

Wherefore, Plaintiffs pray for judgment against Esparanza, in whatever amount above $25,000.00 they are deemed to be entitled, plus equitable relief, including rescission of the mortgages, together with interest, costs and attorney fees.

### JURY DEMAND

Plaintiff hereby makes a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ David P. Leibowitz
Attorney for Plaintiff

David P. Leibowitz
Attorney I.D. No. 1612271
Sharanya Gururajan
Attorney I.D. No. 6286295
Leibowitz Law Center
420 West Clayton Street
Waukegan, Illinois 60085-4216
847. 249. 9100