IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ESPERANZA FINANCIAL SERVICES )<br>OCWEN LOAN SERVICING )<br>MORTGAGE ELECTRONIC REGISTRATION )<br>SYSTEM )<br>WMC MORTGAGE CORPORATION )<br>)<br>Defendants ) | Court No.: 07 C 7006 |

### WMC MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT TO RESCIND MORTGAGE PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Defendant WMC Mortgage, LLC[1] ("WMC"), by and through its attorneys, Schwartz Cooper Chartered, for its Answer and Affirmative Defenses to Plaintiff's Complaint To Rescind Mortgage Pursuant To Federal Truth In Lending Act ("Complaint"), states as follows:

### JURISDICTION

1.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

**ANSWER:** WMC states that the allegations in paragraph 1 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

---

[1] WMC Mortgage, LLC is the successor in interest to WMC Mortgage Corporation, as of December 31, 2007.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** WMC states that the allegations in paragraph 2 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

## PARTIES

3. The Plaintiff, Jose J. Jaramillo, is a natural person residing at 1323 N. Cedar Lake Road, Lake Villa, IL - 60046 (the "Property").

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies the same.

4. At all times relevant thereto, Defendant Creditor, Esperanza, was a "creditor" within the meaning of 15 U.S.C. §1601

**ANSWER:** WMC states that the allegations in paragraph 4 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies the same.

5. At all times relevant thereto, Defendant Assignee, WMC; was an "assignee" within the meaning of 15 U.S.C. §1601

**ANSWER:** WMC states that the allegations in paragraph 5 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same.

6. At all times relevant thereto, Defendant Assignee, MERS, was an "assignee" within the meaning of 15 U.S.C. §1601.

**ANSWER:** WMC states that the allegations in paragraph 6 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the same.

7. On information and belief, OCWEN is the current servicer of the loan.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies the same.

8. OCWEN or whoever is the current servicer of the loan is not the real party in interest. The real party in interest on information and belief is a mortgage pool or trust as to which the loan has not yet been assigned or transferred.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies the same.

9. Such mortgage pool or trust is not and cannot be a holder in due course by reason if its failure to have assignments of the mortgage.

**ANSWER:** WMC states that the allegations in paragraph 9 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10. At all times relevant thereto, Esperanza, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11. Plaintiff entered into a consumer credit transaction (hereinafter "Transaction") with Esparanza in which the extended consumer credit was subject to a finance charge and which was initially payable to Esparanza.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the meaning of the undefined phrase "consumer credit transaction" and as to the truth of the allegations contained in Paragraph 11, and therefore denies same.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12, At the time of the refinance, Plaintiff was employed as a foreman with a local paving company.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13. On or about September 2006, Plaintiff contacted Esparanza regarding obtaining a refinance on the Property. An employee of Esparanza (the "Employee") worked with Plaintiff over a period of three weeks promising to obtain an advantageous loan package that met Plaintiff's financial needs at the time.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14. The Employee eventually informed Plaintiff that the right loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate interest rate.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies the same.

15. Plaintiff agreed to the refinance with the understanding that the adjustable rate interest rate on the smaller loan amount would start at a rate no higher than 8%.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies the same.

16. The closing on the Transaction was set to take place on October 25, 2006. At the closing, Plaintiff was not represented by an attorney.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17. The parties at the closing included the Plaintiff, Plaintiffs wife, the title agent and an employee of Esperanza. The employee of Esperanza present at the closing was an individual other than the one who had been communicating periodically with the Plaintiff regarding the details of the loan.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies the same.

18. Just prior to signing the loan documents, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjustable rate for the larger loan amount and the fixed rate for the smaller loan amount.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19. Additionally, contrary to Plaintiff's prior understanding, the interest rate was higher than the 8% that he had been promised earlier.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies the same.

20. The Plaintiff was an unsophisticated consumer acting without the benefit of legal counsel and relying on the expertise of his mortgage broker.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies the same.

21. Ultimately as a result of the last minute bait and switch at the closing table, Plaintiff ended up with a loan package that was not the one he had bargained for.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22, The Transaction comprised of two mortgages. The first mortgage ("First Mortgage") was an adjustable rate transaction for a principal amount of $276,000.00 with an initial interest rate of 8.5%. A true and correct copy of the First Mortgage is attached hereto as **Exhibit A**. The second mortgage ("Second Mortgage") was a 30 year fixed rate mortgage for a principal amount of $69,000.00 at the rate of 10.9%. A true and correct copy of the Second Mortgage is attached hereto as **Exhibit B**.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the meaning of the undefined phrase "consumer credit transaction" and as to the truth of the allegations contained in Paragraph 11, and therefore denies same. Answering further, WMC states that the Exhibits speak for themselves.

23. As part of this Transaction, Esperanza retained a security interest in the Property which is used as the principal dwelling of Plaintiff.

469387.3 051860-41242                                6

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the meaning of the undefined phrase "consumer credit transaction" and as to the truth of the allegations contained in Paragraph 23, and therefore denies same. WMC admits that Esperanza retained a security interest in the Property.

24. The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies the same.

25. On or about October 30, 2006 Esparanza assigned the obligation to WMC. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233863.

**ANSWER:** WMC admits the allegations of Paragraph 25.

26. On or about November 7, 2006 WMC assigned the obligation to MERS. This document was recorded with the Lake County Recorder of Deeds on August 28.2007 as Document No. 6233864.

**ANSWER:** WMC admits the allegations of Paragraph 26.

27. No other assignments have been recorded with the Lake County Recorder of Deeds as of December 10, 2007.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies the same.

28. In addition to the bait and switch at the closing table, Plaintiff did not receive the proper disclosures related to the refinance.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 stating "In addition to the bait and switch at the closing table", and therefore denies the same. WMC denies the remaining allegations of Paragraph 28.

29. Despite Plaintiff's signed acknowledgement that he had received 2 copies of the notice of the right to rescind, Plaintiff did not actually receive 2 copies pursuant to 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b). Pursuant to 15 U.S.C. §1635(c), any evidence provided by Esparanza, WMC or MERS showing a written acknowledgement by Plaintiff of his receipt of the required disclosures serves only as a rebuttable presumption of delivery.

**ANSWER:** WMC states that the allegations in paragraph 29 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC denies the allegations contained in Paragraph 29 that Plaintiff did not actually receive two copies of the notice of the right to rescind.

30. On November 6, 2007, Plaintiff notified Esperanza by U.S. Mail, postage prepaid, certified mail, return receipt requested, that he was exercising his right to rescind the transaction pursuant to TILA. A true and correct copy of the rescission letter is attached hereto as **Exhibit C**.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies the same.

31. The letter was returned due to the fact that Esperanza had moved without leaving a change in address.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies the same.

32.     On November 15, 2007 Plaintiff, by and through his attorney, sent a copy of the same rescission letter to WMC.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies the same.

33.     More than 20 calendar days have passed since the rescission letter was sent to WMC.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies the same.

34.     WMC and Esperanza have failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction, described in Paragraph 9, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

**ANSWER:** WMC states that the allegations in paragraph 34 set forth legal conclusions or assertions to which no response is required.  To the extent a further answer is required, WMC denies that any action was necessary or appropriate.

35.     WMC, Esperanza and MERS have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

**ANSWER:** WMC states that the allegations in paragraph 35 set forth legal conclusions or assertions to which no response is required.  To the extent a further answer is required, WMC denies the Plaintiff is entitled to the return of any money or property.

## COUNT I

36.     In the course of this Consumer Credit Transaction, Esperanza, WMC, MERS and OCWEN violated 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226,23(b) by failing to deliver to Plaintiff two copies of a notice of the right to rescind which:

    a.    Identified the transaction.

    b.    Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

    c.    Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

    d.    Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Creditor's place of business.

    e.    Clearly and conspicuously disclosed the effects rescission.

    f.    Clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** WMC states that the allegations in paragraph 36 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC denies the allegations contained in Paragraph 36.

    37.    The Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to rescind and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), Since the required disclosures were not provided, Plaintiff has up to three years after consummation of the transaction to rescind.

**ANSWER:** WMC states that the allegations in paragraph 37 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC denies the required disclosures were not provided.

    38.    Pursuant to 15 U.S.C. 1640(a)(2)(A)(iii), Plaintiff is entitled to an award of $2,000.00 damages together with costs and attorney's fees for Esperanza, WMC and MERS' failure to respond properly to Plaintiffs rescission notice.

**ANSWER:** WMC states that the allegations in paragraph 38 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC denies the allegations contained in Paragraph 38.

39.     Plaintiff has placed the Properly for sale since October 2007. Plaintiff is willing to make tender of the original principal balance of the mortgage less such funds awarded by the Court in damages as an offset.

**ANSWER:** WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore denies the same.

40.     In addition Plaintiff is entitled to a full accounting and refund of any and all payments made by Plaintiff to any of the Defendants in connection with their Consumer Credit Transaction as described in 15 U.S.C. §1635(b), Plaintiff is entitled to a detailed accounting and refund of all payments and charges that Plaintiff would not have incurred but for the credit transaction. This is including, but not limited to, any and ail finance charges, earnest money, down payment, closing costs, points, credit insurance premiums, security interest charges, application fees, membership fees, commitment fees, appraisal fees, survey fees, title search fees, broker fees, credit report fees, filing fees, document preparation fees, attorney fees, and credit insurance premiums. These payments include payments made directly to the creditor, paid by the Plaintiff directly to a third party or payments passed on from the creditor to a third party.

**ANSWER:** WMC states that the allegations in paragraph 40 set forth legal conclusions or assertions to which no response is required. To the extent a further answer is required, WMC denies the allegations contained in Paragraph 40

### COUNT II

The allegations of Count II, paragraphs 41 - 58 are not directed against WMC, therefore no answer is required.

### AFFIRMATIVE DEFENSES

WMC asserts the following Affirmative Defenses:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff failed to give WMC timely notice of his election to rescind pursuant to the Truth-in-Lending Act and the regulations promulgated thereunder, and is therefore barred

from asserting any right to rescind.

3.  Plaintiff waived his right to rescind the transaction with WMC pursuant to the Truth-in-Lending Act and the regulations promulgated thereunder, and is therefore barred from asserting any right to rescind.

4.  Plaintiff is barred by estoppel from rescinding the transaction with WMC.

5.  Plaintiff failed to give WMC timely notice of his election to rescind pursuant to the Truth-in-Lending Act and the regulations promulgated thereunder, and any action thereunder is time-barred.

6.  Plaintiff failed to timely file an action for statutory damages for the alleged underlying failure to provide Plaintiff with the proper disclosure pursuant to the Truth-in-Lending Act and the regulations promulgated thereunder, and any action thereunder is time-barred.

7.  WMC fully discharged all of its obligations under the Note, the Mortgage, and any other agreements.

8.  WMC fully discharged all of its obligations under the Truth-in-Lending Act and the regulations promulgated thereunder.

9.  Plaintiff acknowledged at the time of closing of the Note and Mortgage that Esperanza fully discharged all of its obligations to Plaintiff under the Truth-in-Lending Act and the regulations promulgated thereunder.

10. Plaintiff acknowledged at the time of closing of the Note and Mortgage that he received two completed copies of the Notice of Right to Cancel in the form prescribed in the Truth-in-Lending Act and the regulations promulgated thereunder.

                                                  Respectfully submitted,
                                                  WMC Mortgage, LLC

                                By:  /s/ Arika J. Osacky
                                           Attorneys for Defendant
                                           WMC Mortgage, LLC

Patrick T. Stanton ARDC # 6216899
pstanton@schwartzcooper.com
Arika J. Osacky ARDC # 6275646
aosacky@schwartzcooper.com
SCHWARTZ COOPER CHARTERED
180 North La Salle
Suite 2700
Chicago, IL 60601
(312) 346-1300

Dated: February 14, 2008