IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ESPERANZA FINANICAL SERVICES, OCWEN LOAN SERVICING, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSYSTEM, WMC MORTGAGE CORPORATION,<br><br>Defendants. | Case No. 07 C 7006<br>Judge Manning<br>Magistrate Judge Cox |

## OCWEN'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO RESCIND MORTGAGE PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by and through its attorneys, moves this Court to dismiss the Complaint filed by Plaintiff against Ocwen for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, Ocwen states as follows:

### INTRODUCTION

Plaintiff's Complaint alleges that Esperanza violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names Ocwen, the current servicer of the Loans, and also names WMC and MERS, both of whom Plaintiff alleges were at one time the assignee holders of the Loans. The current assignee holder, for whom assignments are being recorded, is not named. Plaintiff's Complaint against Ocwen fails as a matter of law since TILA exempts loan servicers from liability for any alleged TILA violations. As such, Plaintiff's Complaint should be dismissed.

**ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action can be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The Court should dismiss a Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003), *quoting Conley v. Gibson*, 255 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

I. **Plaintiff's Complaint Against Ocwen Should be Dismissed as a Matter of Law Since Ocwen Cannot Be Found Liable for TILA Claims As Ocwen Is A Servicer**

Plaintiff's Complaint clearly—and correctly—identifies Ocwen as the servicer of the Loans. See ¶7 of Plaintiff's Complaint. In consumer credit transactions, the "servicer" is the entity responsible for receiving scheduled periodic payments from the borrower and making any payments of principal and interest that are required under the terms of the loan. 12 U.S.C. §§ 2605(i)(2), (3). Put more simply, the servicer performs the basic administrative functions associated with the transaction.

Entities like Ocwen that merely service loans are exempt from liability under TILA unless the servicer is or was the owner of the obligation. 15 U.S.C. §1641(f)(1). Because Plaintiff has neither alleged nor demonstrated that Ocwen was or is the owner of either of the loans, his TILA claim against Ocwen fails as a matter of law. *See, e.g., Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007); *Chow v. Aegis Mortgage Corp.*, 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003); *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003); *Payton v. New Century Mortgage Corp.*, 2003 WL 22349118 at *5 (N.D. Ill. 2003)

(dismissing plaintiff's claims against Ocwen because Ocwen merely serviced the loan and plaintiff presented no evidence indicating that Ocwen owned the obligation). As such, Plaintiff has no cause of action against Ocwen and his Complaint should be dismissed.

Although it is clear that Ocwen has not liability under TILA, some Judges in this district have ruled that at the motion to dismiss stage, a servicer can be kept in as an interested party under Federal Civil Procedure Rule 19(a), in order to prevent a possible foreclosure or adverse credit reporting if the rescission is granted. As other Judges in this district have pointed out, however, the idea that a current servicer is a necessary party because it might report a granted rescission improperly or might file a foreclosure action—which would have to be in the name of the assignee holder—is "purely speculative and does not warrant retaining [the current servicer] as a defendant." *Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007).

Thus, it would be proper and in the interest of judicial economy for this Court to dismiss Ocwen, or, in the alternative, enter an Order that Ocwen has no liability in this matter and that Ocwen is joined only as the servicer and therefore need not file an Answer or otherwise actively participate in this litigation.

## CONCLUSION

Assuming the truth of each and every one of his allegations, Plaintiff can present no valid claim against Ocwen. As such, his Complaint should be dismissed as a matter of law as against Ocwen.

WHEREFORE, for all of the above reasons, Ocwen prays this Court entered an Order dismissing Plaintiff's Complaint against Ocwen on all counts and causes of action asserted,

including all prayers for relief therein, for its costs and attorney=s fees incurred herein, and for such other relief as this Court deems just and appropriate.

Dated: February 15, 2008

>Respectfully submitted,
>
>Ocwen Loan Servicing, LLC
>
>By: /s/ Amy A. Kalarickal
>One of its attorneys

POTESTIVO & ASSOCIATES, P.C.
Amy A. Kalarickal (ARDC# 6291675)
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant Ocwen Loan Servicing, LLC*