IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO ) | |
| ) | |
| ) | 07 C 7006 |
| **Plaintiff** ) | |
| ) | |
| V. ) | |
| ) | |
| ESPERANZA FINANCIAL SERVICES; ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ) | |
| FOR THE REGISTERED HOLDERS OF MASTR ) | |
| ASSET BACKED SECURITIES TRUST ) | |
| 2007-WMC1MORTGAGE ) | |
| PASS-THROUGH CERTIFICATES ) | |
| SERIES 2007-WMC1; ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEM; ) | |
| WMC MORTGAGE CORPORATION ) | |
| ) | |
| **Defendants** ) | |

## FIRST AMENDED COMPLAINT TO RESCIND MORTGAGE PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Now comes Jose J. Jaramillo ("Plaintiff"), by and through his attorneys, Leibowitz Law Center, and complains against Esperanza Financial Services, ("Esperanza"), WMC Mortgage Corporation ("WMC"), Mortgage Electronic Registration Systems ("MERS") and U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1Mortgage Pass-Through Certificates Series 2007-WMC1("US Bank") pursuant to the Truth in Lending Act, 15 U.S.C. §1601 (hereinafter called "TILA"). Plaintiff brings forth this action to enforce his right to rescind a consumer credit transaction, to void the

security interest in his home, and to recover statutory damages, reasonable attorneys fees and costs by reason of Esperanza's violations of TILA and Regulation Z, 12 C.F.R. §226 (hereinafter called "Regulation Z").

## JURISDICTION

1. Jurisdiction is conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C. §§1331 and 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. The Plaintiff, Jose J. Jaramillo, is a natural person residing at 1323 N. Cedar Lake Road, Lake Villa, IL – 60046 (the "Property").

4. At all times relevant thereto, Defendant Creditor, Esparanza, was a "creditor" within the meaning of 15 U.S.C. §1601

5. At all times relevant thereto, Defendant Assignee, WMC, was an "assignee" within the meaning of 15 U.S.C. §1601

6. At all times relevant thereto, Defendant Assignee, MERS, was an "assignee" within the meaning of 15 U.S.C. §1601.

7. On information and belief, US Bank is the current holder of the Mortgage Note.

8. At all times relevant thereto, Esparanza, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a

finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

9. Plaintiff entered into a consumer credit transaction (hereinafter "Transaction") with Esparanza in which the extended consumer credit was subject to a finance charge and which was initially payable to Esparanza.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. At the time of the refinance, Plaintiff was employed as a foreman with a local paving company.

11. On or about September 2006, Plaintiff contacted Esparanza regarding obtaining a refinance on the Property in an effort to lower monthly payments. An employee of Esparanza (the "Employee") worked with Plaintiff over a period of three weeks promising to obtain an advantageous loan package that met Plaintiff's financial needs at the time.

12. The Employee eventually informed Plaintiff that the right loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate interest rate.

13. Plaintiff agreed to the refinance with the understanding that the adjustable rate interest rate on the smaller loan amount would start at a rate no higher than 8%.

14. The closing on the Transaction was set to take place on October 25, 2006. At the closing, Plaintiff was not represented by an attorney.

15. The parties at the closing included the Plaintiff, Plaintiff's wife, the title agent and an employee of Esparanza. The employee of Esparanza present at the

closing was an individual other than the one who had been communicating periodically with the Plaintiff regarding the details of the loan.

16. Just prior to signing the loan documents, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjusted rate for the larger loan amount and the fixed rate for the smaller loan amount.

17. Additionally, contrary to Plaintiff's prior understanding, the interest rate was higher than the 8% that he had been promised earlier.

18. The Plaintiff was an unsophisticated consumer acting without the benefit of legal counsel and relying on the expertise of his mortgage broker.

19. Ultimately as a result of the last minute bait and switch at the closing table, Plaintiff ended up with a loan package that was not the one he had bargained for.

20. The Transaction comprised of two mortgages. The first mortgage ("First Mortgage") was an adjustable rate transaction for a principal amount of $276,000.00 with an initial interest rate of 8.5%. A true and correct copy of the First Mortgage is attached hereto as **Exhibit A.** The second mortgage ("Second Mortgage") was a 30 year fixed rate mortgage for a principal amount of $69,000.00 at the rate of 10.9%. A true and correct copy of the Second Mortgage is attached hereto as **Exhibit B.**

21. As part of this Transaction, Esparanza retained a security interest in the Property which is used as the principal dwelling of Plaintiff.

22. The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

23.  On or about October 30, 2006 Esparanza assigned the obligation to WMC. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233863.

24.  On or about November 7, 2006 WMC assigned the obligation to MERS. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233864.

25.  In addition to the bait and switch at the closing table, Plaintiff did not receive the proper disclosures related to the refinance.

26.  Despite Plaintiff's signed acknowledgement that he had received 2 copies of the notice of the right to rescind, Plaintiff did not actually receive 2 copies pursuant to 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b). Pursuant to 15 USC §1635(c), any evidence provided by Esparanza, WMC or MERS showing a written acknowledgement by Plaintiff of his receipt of the required disclosures serves only as a rebuttable presumption of delivery.

27.  On November 6, 2007, Plaintiff notified Esperanza by U.S. Mail, postage prepaid, certified mail, return receipt requested, that he was exercising his right to rescind the transaction pursuant to TILA.  A true and correct copy of the rescission letter is attached hereto as **Exhibit C.**

28.  The letter was returned due to the fact that Esperanza had moved without leaving a change in address.

29.  On November 15, 2007 Plaintiff, by and through his attorney, sent a copy of the same rescission letter to WMC.

30. More than 20 calendar days have passed since the rescission letter was sent to WMC.

31. WMC, Esperanza and US Bank have failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction, described in Paragraph 9, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

32. WMC, Esperanza, MERS, and US Bank have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

## I. "TILA"

33. In the course of this Consumer Credit Transaction, Esperanza, WMC, MERS and US Bank have violated 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b) by failing to deliver to Plaintiff two copies of a notice of the right to rescind which:

    a. Identified the transaction.

    b. Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

    c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

    d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Creditor's place of business.

    e. Clearly and conspicuously disclosed the effects rescission.

    f. Clearly and conspicuously disclosed the date the rescission period expired.

34. The Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to rescind and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3). Since the required disclosures were not provided, Plaintiff has up to three years after consummation of the transaction to rescind.

35. Pursuant to 15 USC §1640(a)(2)(A)(iii), Plaintiff is entitled to an award of $2,000.00 damages together with costs and attorney's fees for Esperanza, WMC, US Bank and MERS' failure to provide the required 2 copies of the notice of the right to rescind and failure to rescind the transaction in conformity with the TILA.

36. Pursuant to 15 U.S.C. 1640(a)(2)(A)(iii), Plaintiff is entitled to an award of $2,000.00 damages together with costs and attorney's fees for Esperanza, WMC, US Bank and MERS' failure to respond properly to Plaintiff's rescission notice.

37. Plaintiff has placed the Property for sale since October 2007. Plaintiff is willing to make tender of the original principal balance of the mortgage less such funds awarded by the Court in damages as an offset.

38. In addition Plaintiff is entitled to a full accounting and refund of any and all payments made by Plaintiff to any of the Defendants in connection with their Consumer Credit Transaction as described in 15 U.S.C. §1635(b). Plaintiff is entitled to a detailed accounting and refund of all payments and charges that Plaintiff would not have incurred but for the credit transaction. This is including, but not limited to, any and all finance charges, earnest money, down payment, closing costs, points, credit insurance premiums, security interest charges, application fees, membership fees, commitment fees, appraisal fees, survey fees,

title search fees, broker fees, credit report fees, filing fees, document preparation fees, attorney fees, and credit insurance premiums. These payments include payments made directly to the creditor, paid by the Plaintiff directly to a third party or payments passed on from the creditor to a third party.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in Plaintiff's favor by:

a. Assuming jurisdiction of this proceeding;

b. Declaring that Plaintiff validly rescinded the transaction

c. Declaring that any mortgages or security interest held by Esperanza, WMC, MERS, and US Bank on the Property are void and unenforceable;

e. Ordering that Esperanza, WMC, MERS, and US Bank provide Plaintiff with an accounting and refund of all payments made by Plaintiff to him as described in paragraph 38 of this Complaint.

f. Awarding Plaintiff with $2,000.00 in statutory damages for Esperanza, WMC, MERS, and US Bank's disclosure violations pursuant to the TILA, 15 U.S.C. § 1640

g. Awarding reasonable attorney's fees and costs pursuant to the TILA, 15 U.S.C. § 1640;

h. Awarding such other relief as the Court deems appropriate and just.

## COUNT II – FRAUD IN THE INDUCMENT

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as though set forth fully herein.

40. At several instances prior to the closing of the Transaction, Plaintiff was specifically informed that he would be obtaining two loans from Esperanza. The First Mortgage for $276,000.00 was supposed to be at a fixed interest rate and the Second Mortgage for $69,000.00 was supposed to be at an adjustable rate.

41. Representations regarding the interest rates on each of the loans were material facts which had been made by the Employee of Esperanza for the purpose of inducing the Plaintiff to accept the Transaction.

42. These representations were known to be false by the maker at the time, but reasonably believed to be true by the Plaintiff.

43. Esperanza knowingly misrepresented material facts regarding the interest rates, at a time when, and under circumstances where, there was a duty to disclose.

44. Each of Esperanza's acts and omissions of representation and concealment were material to the transaction.

45. Each of Esparanza's acts and omissions of representation and concealment were made with the intent of misleading Plaintiff into relying upon it.

46. Plaintiff was justified in relying on the representation and a lack of any concealment, and did, in fact so rely in choosing Esparanza as its lender in this transaction.

47. Esparanza benefited from Plaintiff's reliance by causing Plaintiff to enter into the transaction and by gaining additional profits resulting from Plaintiff's reliance on Esparanza's acts and omissions.

48. As a direct consequence of such reliance, Plaintiff has suffered damages, past, present and future, including but not limited to, the loss of the benefit of his bargain, paying an excessive price for the refinance, excessive finance charges, damages to their credit rating, mental anguish, humiliation, embarrassment, humiliation and aggravation, together with costs and attorney fees incurred in obtaining relief from Esparanza's wrongful acts and omissions.

49. By reason of the foregoing, Esparanza is responsible and accountable for the acts and doings in connection with the Loan.

50. Since the Loan was procured by Fraud, the Loan should be held by this Court as null and void.

Wherefore, Plaintiff respectfully prays for judgment

a. Judgment voiding plaintiff's mortgage, in form recordable in the Lake County Recorder of Deeds, and binding on defendants and their successors and assigns;

b. Statutory damages for failure to rescind in the amount of $2,000;

c. Attorneys fees, litigation expenses and costs; and

d. Such other and further relief as is just.

**COUNT III - RECOUPMENT AGAINST US BANK AS CURRENT HOLDER OF THE NOTE**

1-50  Plaintiff repeats and realleges the allegations of paragraphs 1-50 as though fully set forth herein.

51. By reason of the foregoing, Plaintiff is entitled to assert as offsets to any liability she might have to US Bank as current holder of the Note securing the

Loan all damages, costs, attorneys' fees or otherwise as she might be entitled to recover under Counts 1-3 herein.

Wherefore, Plaintiff prays for a determination as to what, if anything, she owes US Bank or any other Unknown Note Holder and for such other or further relief as may be just.

### JURY DEMAND

Plaintiff hereby makes a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ David P. Leibowitz
Attorney for Plaintiff

David P. Leibowitz
Attorney I.D. No. 1612271
Sharanya Gururajan
Attorney I.D. No. 6286295
Leibowitz Law Center
420 West Clayton Street
Waukegan, Illinois 60085-4216
847. 249. 9100