IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ESPERANZA FINANICAL SERVICES; )<br>U.S. BANK NATIONAL ASSOCIATION, AS )<br>TRUSTEE FOR THE REGISTERED HOLDERS )<br>OF MASTR ASSET BACKED SECURITIES )<br>TRUST 2007-WMC1 MORTGAGE PASS- )<br>THROUGH CERTIFICATES, SERIES 2007- )<br>WMC1; MORTGAGE ELECTRONIC )<br>REGISTRATION SYSYSTEM; WMC )<br>MORTGAGE CORPORATION, )<br>)<br>Defendants. )<br>) | Case No. 07 CV 7006<br>Honorable Judge Manning<br>Honorable Magistrate Judge Cox |

## US BANK's 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant U.S. Bank National Association, as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-through Certificates, Series 2007-WMC1 ("US Bank"), by and through its attorneys, moves this Court to dismiss the Complaint filed by Plaintiff against US Bank for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, US Bank states as follows:

### INTRODUCTION

Plaintiff's First Amended Complaint ("Plaintiff's Complaint") alleges that Esperanza violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names WMC and MERS, both of whom Plaintiff alleges were at one time the assignee holders of the

1

Loans, and US Bank, the current assignee holder of both Loans and for whom assignments have been recorded. Plaintiff's Complaint against US Bank fails as a matter of law on all but one portion of Count I, since some of Plaintiff's TILA claims are time-barred or otherwise fail, and because Plaintiff's fraud claim and recoupment claim both fail as a matter of law on the pleadings. As such, Plaintiff's Complaint should be dismissed as to US Bank on all but the rescission portion of Count I.

## ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action can be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The Court should dismiss a Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003), *quoting Conley v. Gibson*, 255 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

### I. PLAINTIFF'S TILA CLAIMS OTHER THAN RESCISSION ALL FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

In his Count I (and in Count III), Plaintiff specifically requests affirmative damages for an alleged non-disclosure by the originating lender, and seeks statutory damages, attorney fees and costs. Under TILA, however, Plaintiff cannot recover from an assignee any affirmative damages or attorney fees for any TILA violations by the originating lender, for several reasons.

A. **Plaintiff's Claims for Statutory Damages for Disclosure Violations Under TILA Are Time-Barred.**

Plaintiff alleges that TILA disclosures were materially false or not provided, entitling him to statutory damages. TILA provides a $200 to $2,000 statutory damage award for disclosure violations by an originating lender. US Bank is not the originating lender, of course, and therefore did not make any TILA disclosure, but that issue does not need to be resolved since any disclosure claim Plaintiff may have had against any party is time-barred.

TILA provides that its one-year statute of limitations applies to affirmative disclosure claims. *See* 15 U.S.C. §1640(e). Since Plaintiff's loan closed well over a year before he filed his Complaint, his claim for alleged violations of TILA is beyond the one-year statute of limitations and is therefore time-barred.

B. **Plaintiff's Claims for Damages and Attorney Fees Fail as US Bank Is Not a "Creditor" Under TILA and the Alleged Violations Could Not Be Apparent on the Face of the Documents.**

1. *US Bank Is Not a "Creditor" Under TILA.*

Additional awards of damages, including attorney fees, are provided for in 15 U.S.C. §1640, which does not apply to assignees. That section provides, in part:

> Except as otherwise provided in this section, **any creditor** who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title ... with respect to any person is liable to such person in an amount equal to the sum of—
> ....
> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court; ....

*Id.* (emphasis added). Under TILA, the

> term "creditor" refers **only** to a person who **both** (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than

3

> four installments or for which the payment of a finance charge is or may be required, **and** (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness....

15 U.S.C. §1602(f) (emphasis added). US Bank, of course, is a securitized trust and does not extend credit. In any case, even if that were not true, it is indisputable that US Bank is not the "person to whom the debt arising from the consumer credit transaction is initially payable," as required by §1602(f). That entity, of course, is the originating lender, which is also named as a defendant. Indeed, as specifically indicated in Plaintiff's Complaint and who is clearly identified on the copies of the two mortgages Plaintiff attached to the Complaint, US Bank was not the originating lender. Thus, under the plain language of §1640, there is no basis upon which this Court could make an award of damages or attorney fees against US Bank, even if Plaintiff were to prevail on his claim. *See, e.g., Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 358-59 (E.D. Pa. 1994); *Siner v. American Gen. Fin., Inc.*, 2004 WL 1535774 (E.D. Pa. 2004); *In re Armstrong*, 288 B.R. 404, 420 (E.D. Pa. 2003).

### 2. *The Alleged TILA Violation Could Not Be Apparent on the Face of the Documents.*

Plaintiff's claim fails for an additional reason. Even if §1640 did not make clear that assignees do not have liability for damages and attorney fees, §1641(a) specifically provides a safe harbor for assignees. TILA, under the heading of "Prerequisites" for "Liability of Assignees," provides that

> any civil action for a violation of this subchapter ... which may be brought against a creditor **may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement**, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents

4

> assigned, and (2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. §1641(a) (emphasis added); *see also* §1641(e). This statute further prohibits an award of damages or attorney fees against an assignee, as many federal courts have held. *See, e.g., Brodo*, 847 F. Supp. at 358-59 ("Apparently Congress did not wish to impose liability for damages and attorney's fees on an assignee who was not responsible for and who had no notice of TILA disclosure violations at the time of an assignment."); *Kinzel*, 892 F. Supp. at 1215-17; *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965 (N.D. Ill. 2003); *Smith v. Highland Bank*, 915 F. Supp. 281, 284, 290, 293-94 (N.D. Ala. 1996); *Siner v. American General Finance, Inc.*, 2004 WL 1535774, *1-2 (E.D. Pa., July 8, 2004); *Kane v. Equity One, Inc.*, 2003 WL 22939377, *4-6 (E.D. Pa., Nov. 21, 2003).

In Plaintiff's Complaint, the alleged violation is non delivery of certain forms, of which it is specifically admitted that Plaintiff signed acknowledgments of receipt. If Plaintiff's allegations are true, there is absolutely no way that US Bank could determine that from the face of the disclosure statement. After all, the allegation is not that the disclosures are "incomplete or inaccurate from the face of the disclosure statement or other documents." *See* 15 U.S.C. §1641(a). Rather, Plaintiff alleges that although he signed acknowledgments of receipt, he did not receive copies of documents. US Bank could not be aware that a TILA violation may have occurred. Thus, §1641(a) and (e) preclude an award of damages or attorney fees against US Bank.

Congress' actions in §1640 and §1641 regarding assignees is consistent with TILA's overall policy. The policy of TILA is not undercut by refusing to provide large amounts of damages and attorney fee awards against assignees who could not determine that a rescission may be warranted. What deterrent could be provided by penalizing US Bank for an alleged

5

violation it did not commit and could not discover? As one federal court recognized almost 30 years ago:

> The Truth-in-Lending Act has laudable purposes and should be strictly enforced by the Courts, but it should not be allowed to be used as means of oppression or harassment or unjust enrichment. [The particular interpretation of TILA sought on class actions by the plaintiffs there] could be the means of curing an illness by killing the patient and in the process promoting unnecessary litigation mainly for the benefit of a few lawyers ready and willing to promote such cases....
>
> These decisions confirm what seems intuitively obvious to the Court, namely, that the plaintiff should not win recovery of ... attorney's fees under the Truth in Lending Act unless there is some relationship between the alleged violation of the Act and the Congressional purposes of meaningful disclosure and fully informed debtors. If a debtor is fully informed and completely understands the terms of the credit agreement, but the creditor failed to comply with some requirement of the Act which does not impede the debtor's understanding of the terms of his loan, there is no sensible rationale either in law or in equity for awarding damages.

*Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F. Supp. 606, 608 (W.D. Pa. 1978).[1]

In our case, this result is fair. Plaintiff is free to pursue a cause of action against the originating lender if it violated any laws, and in fact has named that original lender in this action. However, TILA does not support an award of affirmative damages or attorney fees and costs against US Bank, and this Court should dismiss Plaintiff's Count I under TILA for anything other than rescission without attorney fees.

Likewise, this Court should dismiss Plaintiff's Count III (recoupment) for the same reasons as the above. Plaintiff is presumably pleading "recoupment" because he is aware some of his claims are time-barred (see above), but there is no authority or basis for "recoupment"

---

[1] Some might argue that this reasoning would prevent rescission against an assignee, yet rescission is possible because it, unlike attorney's fees and other damages, is specifically permitted against an assignee by Congress. *See* 15 U.S.C. §1641(c). Thus, rescission against an assignee is a Congressionally-created specific exception to the protection of assignees provided for in the language of §1640 and §1641(a).

6

outside of a foreclosure action, and as demonstrated above US Bank is entitled to assignee defenses any way.

II. **PLAINTIFF'S FRAUD CLAIM FAILS AS MATTER OF LAW AS PLAINTIFF ADMITS HE KNEW ABOUT THE RATES AND TERMS AND SIGNED ANYWAY.**

In his Count II, Plaintiff alleges fraud in the inducement against his originating lender, and asks this Court to void the Loans held by US Bank (apparently without Plaintiff having to pay anything back). Plaintiff's fraud claim is based on the alleged "bait and switch" by Plaintiff's originating lender or his own mortgage broker in providing him two loans that were at higher interest rates than the initial disclosures.

In Illinois, of course, to establish fraud in the inducement a plaintiff needs to prove by clear and convincing evidence a "statement of a material fact, made for the purpose of inducing a party to act; it must be false and known by the party making it to be false, or not actually believed by him, on reasonable grounds, to be true; and the party to whom it is made must be ignorant of its falsity, must reasonably believe it to be true, must act thereon to his damage, and in so acting must rely on the truth of the statement." *Sciarabba v. Chrysler Corp.*, 527 N.E.2d 368, 371 (Ill. App. Ct. 1st Dist. 1988).

In the Complaint, Plaintiff specifically admits that "Just prior to signing the loan documents, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjusted rate for the larger loan amount and the fixed rate for the smaller loan amount." Plaintiff's First Amended Complaint ¶16. Essentially, Plaintiff alleges that he wanted a fixed rate on his first mortgage and an adjustable rate on his second mortgage, and that with hindsight now he has suffered because interest rates went up on the larger loan instead of the smaller one. Plaintiff admits that he knew the terms of the loans being offered to him and that he signed

7

anyway. Now, however, Plaintiff claims that his signatures were the results of fraud. Plaintiff fails to identify a single term of which he was not aware when he signed, and thus as a matter of law he cannot identify a false statement, that he was ignorant of any false statements, or that he relied on any false statements. As such, Plaintiff's Count II should be dismissed.

## CONCLUSION

Assuming the truth of each and every one of his allegations, Plaintiff's claims against US Bank fail as a matter of law on all but the rescission claim, with no attorney fees or statutory damages. As such, Plaintiff's First Amended Complaint should be dismissed as a matter of law as against US Bank on parts of Count I and all of Counts II and III.

WHEREFORE, for all of the above reasons, US Bank prays this Court entered an Order dismissing Plaintiff's First Amended Complaint against US Bank on Count I as to all but rescission and on Counts II and III, including all prayers for relief therein, for its costs incurred herein, and for such other relief as this Court deems just and appropriate.

> Respectfully submitted,
>
> By: _/s/   Amy A. Kalarickal_
> One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank*
*National Association, as Trustee*

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing US Bank's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint was served upon counsel of record through operation of the Court's ECF system on **May 15, 2008**:

**Counsel for Plaintiff**
David Perry Leibowitz - dpl@lakelaw.com

**Counsel for Defendant WMC Mortgage Corporation**
Patrick Thomas Stanton - pstanton@scgk.com
Arika Joy Osacky - aosacky@scgk.com

Respectfully submitted,

By: /s/ *Amy A. Kalarickal*
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank
National Association, as Trustee*