IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE J. JARAMILLO | ) | |
| | ) | |
| | ) | Case Number:   07 CV 07006 |
| Plaintiff(s), | ) | |
| vs. | ) | Honorable     Blanche M. Manning |
| | ) | |
| ESPERANZA FINANCIAL SERVICES, et.al | ) | |
| | ) | Magistrate Judge     Susan E. Cox |
| | ) | |
| Defendant. | ) | |

NOTICE OF FILING

To:     *Amy Ann Kalarickal, Potestivo & Associates, 134 N. LaSalle St., Suite 2050, Chicago, Il - 60602
MERS, c/o CT Corporation System, 201 S. LaSalle Street, Suite 814, Chicago, Il – 60602,
*Patrick Thomas Stanton, Schwartz, Cooper Chtd., 180 North LaSalle St, Suite 2700,  Chicago,  IL  – 60602
*Arika Joy Osacky, Schwartz, Cooper, Greenberg & Krauss, 180 North LaSalle Street, Suite 2700, Chicago, IL 60601

PLEASE TAKE NOTICE that on Tuesday, June 10, 2008 we caused to be filed our Response to US Bank's Motion to Dismiss.

Dated:   June 10, 2008

/s/ David P. Leibowitz

Attorney for Plaintiff

**Certificate of Service**

On June 10, 2008 the undersigned, certifies that on this date, he caused a copy of the above document to be served upon each person shown via U.S. Mail.  Parties indicated by asterick (*) were served by ECF electronic notification.

/s/Andrew J FishSchurder
Paralegal

David P. Leibowitz (Atty. No. 1612271)
Sharanya Gururajan (Atty. No. 6286295)
Leibowitz Law Center
420 W. Clayton Street
Waukegan, IL 60085
Phone:  847.249.9100

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| JOSE J. JARAMILLO | ) | | |
| | ) | | |
| | ) | Case Number: | 07 CV 07006 |
| Plaintiff(s), | ) | | |
| vs. | ) | Honorable | Blanche M. Manning |
| | ) | | |
| ESPERANZA FINANCIAL SERVICES, et.al | ) | | |
| | ) | Magistrate Judge | Susan E. Cox |
| | ) | | |
| Defendant. | ) | | |

**PLAINTIFF'S RESPONSE TO U.S. BANK NATIONAL ASSOCIATION, AS PLAINTIFF FOR THE REGISTERED HOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2007-WMC1MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-WMC1'S MOTION TO DISMISS**

Now comes Jose J. Jaramillo ("Plaintiff), by and through his attorney, David P. Leibowitz, and requests that this honorable court deny U.S. Bank National Association, as Plaintiff for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1Mortgage Pass-Through Certificates Series 2007-WMC1's ("US Bank") Motion to Dismiss and in support states as follows.

**LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)**

US Bank seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), which permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Equal Employment Opportunity Commission v. Centra Health Services*, 2007 WL 2215764 at *2 (7th Cir. 2007).  As explained by the Seventh Circuit, the Supreme Court has interpreted

that language to impose two easy-to-clear hurdles. *Id.,* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007). First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ...claim is and the grounds upon which it rests. *Id.,* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). Second, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above "speculative level." *Id.,* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Iosello v. Leiblys,* 2007 WL 2398474 (N.D.Ill 2007). The Court explained that under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a cause of action." *Id.*

In deciding whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the pertinent inquiry is not whether the plaintiff will ultimately prevail in the action, but whether the plaintiff is "entitled to offer evidence to support its claims". *In re Hopkins* 372 B.R. 734, 741 (Bkrtcy.E.D.Pa.,2007). Courts have also generally held that when a complaint is susceptible to a 12(b)(6) motion for dismissal, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Id.* at 742 citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004).

In this case, the Plaintiff has stated sufficient facts in support of his claim for rescission and damages against US Bank.

**LEGAL ARGUMENT**

I. **Plaintiff Has A Claim Against US Bank As Assignee Of The Loan Under 15 U.S.C. §1640(A) And May Seek Damages For US Bank's Failure To Rescind The Loan On A Timely Basis.**

US Bank argues that the Plaintiff cannot maintain a claim for damages and attorneys fees because it is not a "creditor" under TILA. US Bank's argument must fail under 15 U.S.C. §1641(a) which clearly states "Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor...".  Therefore US Bank's argument that it is not a "creditor", and therefore not liable for damages, is spurious and not supported by the plain language of the statute. US Bank admits that it is the current assignee holder of both loans (See US Bank's Motion to Dismiss., Continued Para 2, Page 2) and is therefore subject to assignee liability for any civil action, including damages and attorneys fees, that may be maintained against the originating creditor.

Plaintiff concedes that this case has not been instituted within one year of the original failure to comply with TILA and Regulation Z and consummation of the loan and therefore its claim for statutory damages on that basis may be time barred. However, Plaintiff is entitled to a separate claim for statutory damages and attorneys fees for US Bank's failure to properly rescind within 20 days of receiving the rescission notice. On November 6, 2007 Plaintiff notified Esperanza Financial Services ("Esperanza"), as originator of the loans, by U.S. Mail, postage prepaid, certified mail, return receipt requested, that he was exercising his right to rescind the transaction pursuant to TILA ("Rescission Letter"). (Compl. ¶27). The letter was returned back undeliverable (Compl.

4

¶28). On November 15, 2007, Plaintiff sent the rescission letter to WMC Mortgage

Corporation by certified mail with return receipt requested (Compl, ¶29). Plaintiff was

unable to provide notice of rescission to US Bank since Plaintiff was unaware of the

identity of US Bank at the time.

Pursuant to 15 U.S.C. §1635(b), Regulation Z §§226.15(d)(2), 226.23(d)(2), Esperanza

and US Bank, as assignee, had 20 days to rescind the loan, tender any money or property

given to anyone in relation to the mortgage transaction and take the appropriate steps

to terminate the security interest.  They failed to do so. (Compl. ¶36). "Failure to honor a

valid rescission demand is itself a Truth in Lending Act (TILA) violation giving rise to

statutory damages." *In re Hopkins*, 372 B.R. at 751 (Bkrtcy.E.D.Pa., 2007); See also *In re*

*Armstrong,* 288 B.R. 404, 419 (Bankr.E.D.Pa.2003) (holding that a borrower who is entitled to

rescind, may also recover a statutory damage award for the creditor's failure to rescind

voluntarily); *In re Madel,* Slip Copy, 2004 WL 4055247, *5 (Bkrtcy.E.D.Wis.,2004) (holding that

in addition to being liable for statutory damages for disclosure violations apparent on the

face of the document, an assignee may be independently liable for its own violation of

the Act if it fails to respond properly to a rescission notice.").

In *Fairbanks Capital Corp v. Jenkins,* the Court stated that assignees were liable for

damages and attorneys fees under §1640 for failure to respond to a notice of rescission

because "any *creditor* who fails to comply with any requirement imposed under (the

TILA), including any requirement under section 1635 of this title," is liable for actual

damages, statutory damages, and attorney's fees.  225 F.Supp.2d 910, 916 (N.D.Ill.,2002).

Even though the statute states "any creditor", the *Fairbanks* court found that congress

intended for the remedies of §1640 to apply to assignees as well. *Id.* The court in

*Fairbanks Capital Corp,* clearly explained the statutory analysis in support of this contention.

> First of all, despite the use of the word "creditor" in § 1640(a)'s introductory language, it is clear from § 1640 taken as a whole that Congress intended for § 1640(a)'s remedies to apply to any creditor *or assignee* that violates TILA's provisions. If *Brodo* were correct that the remedies described in § 1640(a) were available only against the initiating creditor, there would have been no reason for Congress to include in § 1640(b) and (c) defenses to liability "under this section" (i.e., § 1640) that are available to "(a) creditor *or assignee."* 15 U.S.C. § 1640(b) & (c) (emphasis added). In construing a statute, a court must read it as an integrated whole, so as to give meaning to all of its terms.

225 F.Supp.2d at 916.
.

Section 1640(e) states that a cause of action may be brought under the subsection "within one year from the date of the occurrence of the violation". The violation in this case occurred on November 26, 2007 which was twenty days from the time the letter of rescission was sent. Plaintiff instituted this complaint well within the one year statute of limitations since the First Amended Complaint wad filed on April 28, 2008 well within the one year statute of limitations. Therefore, Plaintiff may maintain a claim for statutory damages and attorneys fees against US Bank for failure to properly respond to the letter of rescission.

## II.    Plaintiff May Seek Reasonable Attorneys Fees From US Bank for Violating Borrowers' Right to Rescind

In addition to seeking damages for violating the right to rescind, Plaintiff may also seek reasonable attorneys fees for violating a consumer's right to rescind. The court in *Fairbanks Capital Corp* supports this analysis as follows:

> Second, the text of § 1640(a) itself indicates that attorney's fees, at least, are available from an assignee, and not just from the originating creditor, for violating a consumer's right to rescind. Section 1640(a)(3) provides that "in the case of any successful action to enforce the foregoing liability *or in any*

*action in which a person is determined to have a right of rescission under section 1635 of this title,* the costs of the action, together with a reasonable attorney's fee as determined by the court" is available. 15 U.S.C. § 1640(a)(3) (emphasis added). Congress' use of the disjunctive indicates that liability for attorney's fees, at least, is not limited to actions against the creditor that initiated the loan but rather applies in "any action" in which a right to rescind is determined to exist.

225 F.Supp.2d at 915-916.

Several courts have held that denying a consumer the right to recover attorneys fees from an assignee for prevailing on a rescission suit would be contrary to the overall purpose and spirit of the Truth in Lending statute. *Fairbanks Capital Corp,* 225 F.Supp.2d at 916. "The TILA provides for an award of attorney's fees to a successful consumer in order to ensure that the consumer is made whole and to encourage enforcement of the statute's requirements." *Id.* See also *Hannon v. Security National Bank,* 537 F.2d 327, 328 (9th Cir.1976); *Corbett v. Keene Co-Operative Bank,* 498 F.Supp. 800, 802 (D.N.H.1980); *Liberty Loan Corp. v. Boyajian,* 407 F.Supp. 308, 311 (D.R.I.1976); *Jones v. Seldon's Furniture Warehouse, Inc.,* 357 F.Supp. 886, 887 (E.D.Va.1973); *Briggs v. Provident Bank*, 349 F.Supp.2d 1124, 1134 (N.D.Ill.,2004).

Therefore, Plaintiff may maintain a claim against US Bank for attorney fees for US Bank's failure to rescind the mortgage on a timely basis. US Bank did not take any steps to toll the 20 day statutory period to rescind pending determination of whether rescission was appropriate. Therefore, this was clearly a violation of 15 U.S.C. §1635(b).

By reason of its violation of TILA for failure to rescind within the 20 days, Plaintiff has two causes of action, one for failure to rescind the first mortgage and the other for failure to rescind the second mortgage.

III. **Lack Of Two Notices Of Right To Cancel Is A Violation Apparent On The Face Of The Documents**

In its Motion to Dismiss, US Bank argues that Plaintiff may not maintain a claim for statutory damages since there is no TILA violation apparent on the face of the documents assigned to it by the original lender. (Def. Mot. at 4). US Bank argues that it is allowed to rely on the Plaintiff's signed acknowledgement that they received two copies of the notice of right to cancel. *Id.* at 5.

However, pursuant to 15 U.S.C. § 1635(c), "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." In *In re Hopkins*, 372 B.R. at 749, the debtors filed an adversary proceeding against the loan originator and loan assignee alleging several TILA and RESPA violations. One of the violations alleged involved the loan originator's failure to provide certain disclosures related to the loan. The loan servicor and assignee filed a joint motion to dismiss. The court denied the motion and stated that "plaintiffs are afforded the opportunity to rebut the presumption of delivery of disclosures...and their allegation of non-receipt of required documents cannot be dismissed via a motion to dismiss". *Id.*

Furthermore, even if there were a signed acknowledgement for the receipt of two disclosures, US Bank could have noticed that there was only one copy of the Notice of Right to Cancel directed to Mr. Jose Jaramillo in the loan file for both loans thereby clearly rebutting the signed acknowledgement. Furthermore, the loan file for Plaintiff's Second Loan contains a Notice of Right to Cancel labeled as "TO: Jose Jaramillo". This is signed by Jose Jaramillo. There is a second Notice of Right to Cancel labeled as "TO:

8

Jose Jaramillo". This is signed by Candy Jaramillo. Copies of these notices are attached hereto as Exhibit A. This discrepancy alone makes it facially apparent that Plaintiff did not receive 2 copies of the Notice of Right to Cancel.

The lack of two Notices of Right to Cancel in the loan file is clearly a violation that would be apparent from a cursory inspection of the documents. Therefore, US Bank was not justified in relying solely on Plaintiff's signed acknowledgement of receipt of the notices of right to cancel. If provided the opportunity, Plaintiff will amend its Complaint to include the allegation that the failure to provide two Notices of Right to Cancel is a violation that is apparent on the face of the document.

Furthermore, in subsequent review of the loan documents, Plaintiff has identified violations in the Truth in Lending Disclosure Statement and the HUD-1 reflecting underestimations of the finance charge by more than $35.00. These are violations that are readily apparent on the face of the document. Plaintiff intends to file an amended complaint outlining these deficiencies recently discovered in the documents. Therefore, Plaintiff will respectfully request this Court by separate motion to grant him leave to file his Second Amended Complaint outlining these facially apparent deficiencies whether or not this motion is granted.

IV. **US Bank Has Failed To Allege And Prove That It Is A Holder In Due Course And Is Therefore Subject To A Recoupment Claim By The Plaintiff.**

In its Motion to Dismiss, US Bank seeks dismissal of Count III of Plaintiff's claim for recoupment stating that there is no authority or basis for the same. US Bank seems to misapprehend that its rights, if any, are derived from a promissory note. On the contrary, the mortgages, if valid at all, merely provide security for the notes. Notes are governed by Article III of the Illinois Uniform Commercial Code. Plaintiff is entitled to seek recoupment

from US Bank pursuant to § 810 ILCS 5/3-305(a)(3) of the Illinois Uniform Commercial Code

which states that the enforcement of an obligation of a party to pay an instrument is

subject to the following:

> (3) A claim in recoupment of the obligor against the original payee
> of the instrument if the claim arose from the transaction that gave
> rise to the instrument; but the claim of the obligor may be asserted
> against a transferee of the instrument only to reduce the amount
> owing on the instrument at the time the action is brought.

While, UCC §3-305(b) states that recoupment is not available as a defense against a

holder in due course, US Bank must plead that it is a holder in due course of the Note to

avail itself of these defenses. Holder in Due Course status is not presumed. US Bank does

not allege in its Motion to Dismiss that it is in fact a holder in due course thereby entitling it

to take the note free from claims of recoupment.

Furthermore, this Court should take judicial notice of the fact that the mortgage was

assigned to US Bank on February 5, 2008 and recorded with the Lake County Recorder of

Deeds on February 27, 2008. This suit was instituted on December 13, 2007 and US Bank

was included as a party by Plaintiff's First Amended Complaint on April 28, 2008. The note

was in default sometime before February 27, 2008. A copy of the assignment is attached

hereto as Exhibit B.

Therefore, US Bank cannot be a holder in due course since it did not take the note

in "(ii) in good faith, (iii) without notice that the instrument is overdue or has been

dishonored or that there is an uncured default with respect to payment of another

instrument issued as part of the same series." 810 ILCS 5/3-302(a).

Therefore, Plaintiff is entitled to maintain a claim for recoupment and US Bank's request to dismiss Count III of Plaintiff's First Amended Complaint should be denied with prejudice.

V.  **Plaintiff Has A Valid Cause Of Action Against The Parties For Fraud In The Inducement**

In its Motion to Dismiss, US Bank seeks dismissal of Count II of the First Amended Complaint for fraud in the inducement. Plaintiff is allowed to maintain a defense of fraud in the inducement pursuant to §3-305(a) of the Uniform Commercial Code against any person entitled to enforce the instrument. See Point 1 of Official Comment to UCC §3-305 (2000).

According to the Official Comment to UCC §3-305:

> the party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In determining whether there is a reasonable opportunity all relevant factors are to be taken into account, including the intelligence, education, business experience and ability to read or understand English of the signer. Also relevant is the nature of the representations that were made, whether the signer had good reason to rely on the representations or to have confidence in the person making them...

See Point 1 of the Official Comment to UCC §3-305.

In this case, Plaintiff was employed as a foreman with a local paving company thereby having limited sophistication and knowledge regarding mortgage loans. (Compl. ¶10, ¶18). Plaintiff was told repeatedly before the closing that he was getting two loans, the larger one having a fixed interest rate and the smaller one with an adjustable rate. (Compl. ¶40). Plaintiff reasonably relied on representations made by agents and employees of Esperanza regarding material terms of the loan (Compl. ¶42).

Plaintiff became aware of the substantial change in material terms of the loan only minutes before closing (Compl. ¶16). Plaintiff was not provided a reasonable

opportunity to obtain all the disclosures or ascertain whether the loan he was about to get was in any way beneficial to him. He was not given the Truth in Lending Disclosure Statements for the new loan package ahead of time and therefore did not have a reasonable opportunity to compare the terms of the loan that he was initially offered versus the loan that he was ambushed with at closing.

Plaintiff was lulled into a false sense of security that things would eventually work themselves out with the new package. Under Illinois law, a "plaintiff asserting fraud claim justifiably relies on defendant's statement of facts where circumstances were such to make it reasonable for plaintiff to accept defendant's statements without independent inquiry or investigation." *Equity Builders and Contractors, Inc. v. Russell, Jr.,* 406 F. Supp. 2d 882, 889 (N.D.Ill., 2005). In this case, circumstances were such that Plaintiff accepted the statements made by Esperanza's employee and agent at closing.

Furthermore, Count II of the Complaint for fraud in the inducement is intended to seek relief against Esperanza which happens to be the originator of the loan and the original payee under the Note. Esperanza has failed to appear or file a responsive pleading in this matter till date. Plaintiff will be filing a Motion for Default against Esperanza in the near future seeking entry of an order voiding the mortgage as procured by fraud.

Therefore, US Bank's Motion to Dismiss Count II of Plaintiff's First Amended Complaint should be denied with prejudice.

### CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny US Bank's Motion to Dismiss Count I, II and III of the First Amended Complaint with prejudice.

In the alternative, Plaintiff requests leave to file an amended complaint outlining additional deficiencies discovered in the documents that are apparent from the face of the document.

Respectfully Submitted By,

/s/ David P. Leibowitz
Attorney for Jose Jaramillo

David P. Leibowitz - Attorney I.D. No. 1612271
Sharanya Gururajan - Attorney I.D. No. 6286295
Leibowitz Law Center
420 West Clayton Street
Waukegan, Illinois 60085-4216
847. 249. 9100