IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE J. JARAMILLO | ) | |
| | ) | |
| | ) | Case Number:  07 CV 07006 |
| Plaintiff(s), | ) | |
| vs. | ) | Honorable    Blanche M. Manning |
| | ) | |
| ESPERANZA FINANCIAL SERVICES, et.al | ) | |
| | ) | Magistrate Judge    Susan E. Cox |
| | ) | |
| Defendant. | ) | Hearing Date: |
| | ) | Hearing Time:  11:00 a.m. |

### AFFIDAVIT OF JOSE J. JARAMILLO
### IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1. I, Jose J. Jaramillo, am a natural person residing at 1323 N. Cedar Lake Road, Lake Villa, IL – 60046 (the "Property").

2. At the time of the refinance, I was employed as a foreman with a local paving company.

3. On or about September 2006, I contacted Esperanza regarding obtaining a refinance on the Property in an effort to lower monthly payments. An employee of Esperanza (the "Employee") worked with me over a period of three weeks promising to obtain an advantageous loan package that met my financial needs at the time.

4. The Employee eventually informed me that the right loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate interest rate.


EXHIBIT C

5. I agreed to the refinance with the understanding that the adjustable rate interest rate on the smaller loan amount would start at a rate no higher than 8%.

6. The closing on the Transaction was set to take place on October 25, 2006. At the closing, I was not represented by an attorney.

7. The parties at the closing included, myself, my wife at the time, and the closing agent. I believe that the closing agent was affiliated with Esperanza in some capacity.

8. Just prior to signing the loan documents, I realized that the mortgages had been switched. I ended up with an adjusted rate for the larger loan amount and the fixed rate for the smaller loan amount.

9. Additionally, contrary to my prior understanding, the interest rate was higher than the 8% that he had been promised earlier.

10. When I enquired about this substantive discrepancy, I was assured that as long as I made the payments for the next year or so, I would be able to refinance myself out of these loans.

11. I was never able to refinance subsequently since my house was not worth anywhere close to where I was told it was worth. The loan packages provided to me at closing had essentially drained all the equity out of my house.

12. Throughout this transaction, I was acting without the benefit of legal counsel and relying on the expertise of his mortgage broker.

13. Ultimately as a result of the last minute bait and switch at the closing table, I ended up with a loan package that was not the one I had bargained for.

14.     The Transaction comprised of two mortgages. The first mortgage ("First Mortgage") was an adjustable rate transaction for a principal amount of $276,000.00 with an initial interest rate of 8.5%. The second mortgage ("Second Mortgage") was a 30 year fixed rate mortgage for a principal amount of $69,000.00 at the rate of 10.9%.

15.     As part of this Transaction, Esperanza retained a security interest in the Property which is used as my principal dwelling.

16.     The security interest was not created to finance the acquisition or initial construction of my principal dwelling.

17.     On or about October 30, 2006 Esperanza assigned the obligation to WMC. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233863.

18.     On or about November 7, 2006 WMC assigned the obligation to MERS. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233864.

19.     In addition to the bait and switch at the closing table, I did not receive the proper disclosures related to the refinance.

20.     Despite my signed acknowledgement that I had received 2 copies of the notice of the right to rescind, I did not actually receive 2 copies pursuant to 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b). Pursuant to 15 USC §1635(c), any evidence provided by Esperanza, WMC or MERS showing a written acknowledgement of my receipt of the required disclosures serves only as a rebuttable presumption of delivery.

21. The closing documents related to my First Mortgage only have one Notice of Right to Cancel.

22. The closing documents related to my Second Mortgage have one Notice of Right to Cancel addressed to me and signed by me. The second copy of the Notice of Right to Cancel is addressed to me, but has a signature line for "Candy Jaramillo" and is signed by "Candy Jaramillo".

23. On November 6, 2007, I notified Esperanza, by and through my attorneys at Leibowitz Law Center, by U.S. Mail, postage prepaid, certified mail, return receipt requested, that I was exercising my right to rescind the transaction pursuant to TILA.

24. The letter was returned due to the fact that Esperanza had moved without leaving a change in address.

25. On November 15, 2007 I, by and through my attorney, sent a copy of the same rescission letter to WMC.

26. More than 20 calendar days have passed since the rescission letter was sent to WMC.

27. WMC, Esperanza and US Bank failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction, described in Paragraph 9, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

28. WMC, Esperanza, MERS, and US Bank have failed to return any money or property given by myself to anyone as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

29. In the course of this Consumer Credit Transaction, Esperanza, WMC, MERS and US Bank have violated 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b) by failing to deliver two copies of a notice of the right to rescind which:

   a. Identified the transaction.

   b. Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

   c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

   d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Creditor's place of business.

   e. Clearly and conspicuously disclosed the effects rescission.

   f. Clearly and conspicuously disclosed the date the rescission period expired.

30. It is my understanding that I had a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to rescind and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3). Since the required disclosures were not provided, I have up to three years after consummation of the transaction to rescind.

31. I have placed the Property for sale since October 2007. I am willing to make tender of the original principal balance of the mortgage less such funds awarded by the Court in damages as an offset.

32. At several instances prior to the closing of the Transaction, I was specifically informed that I would be obtaining two loans from Esperanza. The First Mortgage for

$276,000.00 was supposed to be at a fixed interest rate and the Second Mortgage for $69,000.00 was supposed to be at an adjustable rate.

33. Representations regarding the interest rates on each of the loans were material facts which had been made by the Employee of Esperanza for the purpose of inducing me to accept the Transaction.

34. These representations were known to be false by the maker at the time, but I reasonably believed to be true.

35. Esperanza knowingly misrepresented material facts regarding the interest rates, at a time when, and under circumstances where, there was a duty to disclose.

36. Each of Esperanza's acts and omissions of representation and concealment were material to the transaction.

37. Each of Esperanza's acts and omissions of representation and concealment were made with the intent of misleading me into relying upon it.

38. Given my limited understanding, knowledge and sophistication regarding mortgage loans, I was justified in relying on the representation and a lack of any concealment, and did, in fact so rely in choosing Esperanza as my lender in this transaction.

39. Esperanza benefited from my reliance by causing me to enter into the transaction and by gaining additional profits resulting from my reliance on Esperanza's acts and omissions.

40. As a direct consequence of such reliance, I have suffered damages, past, present and future, including but not limited to, the loss of the benefit of this bargain, paying an excessive price for the refinance, excessive finance charges, damages to my

credit rating, mental anguish, humiliation, embarrassment, humiliation and aggravation, together with costs and attorney fees incurred in obtaining relief from Esperanza's wrongful acts and omissions.

Respectfully Submitted,

_____
Jose J. Jaramillo, Plaintiff

Signed and sworn before me
This 13 day of June 2008

_____ (seal)
notary public

"OFFICIAL SEAL"
Chyrel L Rivera
Notary Public, State of Illinois
Commission Expires 12/18/2011

DAVID P. LEIBOWITZ
Attorney I.D. No. 1612271
Leibowitz Law Center
420 West Clayton Street
Waukegan, IL 60085-4216
847.249.9100