IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE J. JARAMILLO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 7006 |
| | ) | Honorable Judge Manning |
| ESPERANZA FINANICAL SERVICES; | ) | Honorable Magistrate Judge Cox |
| U.S. BANK NATIONAL ASSOCIATION, AS | ) | |
| TRUSTEE FOR THE REGISTERED HOLDERS | ) | |
| OF MASTR ASSET BACKED SECURITIES | ) | |
| TRUST 2007-WMC1 MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES, SERIES 2007- | ) | |
| WMC1; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEM; WMC | ) | |
| MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## US BANK'S REPLY BRIEF IN FURTHER SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant U.S. Bank National Association, as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-through Certificates, Series 2007-WMC1 ("US Bank"), by and through its attorneys, hereby replies as follows in further support of its motion to dismiss the First Amended Complaint filed by Plaintiff against US Bank for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiff's First Amended Complaint ("Plaintiff's Complaint") alleges that Esperanza violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names WMC and MERS, both of whom Plaintiff alleges were at one time the assignee holders of the

1

Loans, and US Bank, the current assignee holder of both Loans. US Bank filed its motion to dismiss as Plaintiff's fraud and "recoupment" claims both fail as a matter of law and Plaintiff's TILA claims fail as a matter of law on everything except rescission. Thus, US Bank moved for dismissal of all counts except the portion of Count I requesting rescission under TILA.

In his Response brief, Plaintiff advances no meritorious reasons to ignore clear law and the facts he pled in his First Amended Complaint, and thus US Bank's motion should be granted. Throughout his Response brief, Plaintiff attempts to re-write his claims to replace ones that fail as a matter of law, and threatens other new ones. Noticeably, Plaintiff has not filed a motion seeking permission to file a second amended complaint, nor has Plaintiff attached the required proposed pleading. Where appropriate, US Bank will demonstrate that Plaintiff's attempt to re-write his claim or his attempt to invent a substitute claim would fail and thus dismissal is approporiate.

## I. PLAINTIFF'S TILA CLAIMS OTHER THAN RESCISSION ALL FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

### A. Plaintiff's Statutory Damage Claims Under TILA Fail as a Matter of Law.

In his Count I (and in Count III), Plaintiff specifically requests affirmative damages for an alleged non-disclosure by the originating lender, and seeks statutory damages, attorney fees and costs. *See, e.g.,* sub (f) in the WHEREFORE clause of Count I. In his Response brief, Plaintiff admits his affirmative "disclosure violation" claim under TILA is time-barred, but instead attempts to re-write that claim into one for failure to respond to his rescission notice. Because Plaintiff admits his affirmative "disclosure violation" claim under TILA is time-barred, dismissal of that claim is appropriate.

In addition, dismissal of Plaintiff's purported failure to respond claim under TILA is also appropriate. In his Response brief at pp. 4-5, Plaintiff states that he attempted to deliver a letter

to Esperanza, and that he did deliver a letter to WMC, and admits that he never sent a rescission letter to US Bank. Thus, Plaintiff cannot have a claim against US Bank for failing to respond to a rescission letter, and Plaintiff's purported claim should be dismissed.

It should be noted that TILA permits only one recovery for these alleged disclosure violations, which are proper only against his originating lender. As Plaintiff is pursuing that claim against his originating lender, the dismissal of his claims against US Bank does not cut off Plaintiff's ability to recover on the claim, it simply requires him to pursue only the correct party for each claim.

### B. Plaintiff's Claims for Damages and Attorney Fees Fail as US Bank Is Not a "Creditor" Under TILA and the Alleged Violations Could Not Be Apparent on the Face of the Documents.

Although Plaintiff has already admitted his affirmative damage claims fail as a matter of law as they are time-barred, in the event that admission were ignored dismissal would still be appropriate based on TILA's assignee defenses. In addition, Plaintiff's claim for attorney fees under TILA, what is driving this litigation, also fails as a matter of law for the same reasons.

#### *1. US Bank Is Not a "Creditor" Under TILA and the Alleged Violation Could Not Be Apparent on the Face of the Documents.*

Additional awards of damages, including attorney fees, are provided for in 15 U.S.C. §1640, which the parties agree is directed towards a creditor as defined in TILA, which does not include US Bank.

To escape the language of 15 U.S.C. §1640, Plaintiff relies on two arguments, neither of which has any merit. First, Plaintiff points to 15 U.S.C. §1641(a), which Plaintiff describes as follows:

> US Bank's argument must fail under 15 U.S.C. §1641(a) which clearly states "Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under 1607 of

3

> this title which may be brought against a creditor may be maintained against any assignee of such creditor...". Therefore, US Bank's argument ... is spurious and not supported by the plain language of the statute.

Plaintiff's Response brief, p. 4. Incredibly, Plaintiff simply eliminates the key portion of the statute with simple ellipses. The statute, which US Bank cited and discussed in its motion to dismiss brief and which is listed under the heading of provides "Prerequisites" for "Liability of Assignees," provides that

> any civil action for a violation of this subchapter ... which may be brought against a creditor may be maintained against any assignee of such creditor **only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement**, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, and (2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. §1641(a) (emphasis added); *see also* §1641(e). The alleged underlying violation of TILA, of course, is that Plaintiff claims he only received a single copy of the Notice of Right to Cancel form, rather than two copies, despite his signed acknowledgments of receipt of two copies. Presuming that Plaintiff's allegation is true, as we must at this stage, there is absolutely no way that US Bank could determine that from the face of the disclosure statement. After all, the allegation is not that the disclosures are "incomplete or inaccurate from the face of the disclosure statement or other documents." *See* 15 U.S.C. §1641(a). Rather, Plaintiff alleges that although he signed acknowledgments of receipt, he did not receive copies of documents. US Bank could not be aware that a TILA violation may have occurred. Thus, §1641(a) and (e) preclude an award of damages or attorney fees against US Bank.

Plaintiff's response is that 15 U.S.C. §1635(c) provides that Plaintiff's signature on the acknowledgment only creates a rebuttable presumption of delivery. Plaintiff is correct as to the

4

general statement of that standard, which is what requires US Bank to wait and file a summary judgment motion on the rescission claim rather than addressing it at this stage, but nothing in §1635(c) purports to address the face of the disclosure defense for statutory damages and attorney fees. The language of §1641(a) is very clear on what that standard means, and it is equally clear that a reasonable person viewing the documents should not be required to disbelieve Plaintiff's signed acknowledgment and instead contact him to inquire if he might assert in the future that he was incorrect when he signed the acknowledgment. While §1635 permits a borrower to rescind a loan within three years even against an assignee, §1640 and §1641 do not permit statutory damages or attorney fees against an assignee, at least not when the alleged violation is clearly not apparent on the face of the documents.

Plaintiff's second argument to avoid §1640 and §1641 is based on selective quotations from *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d 910, 916 (N.D. Ill. 2002). Plaintiff both misconstrues the actual holding of *Fairbanks* and ignores the fact that the overwhelming majority of Judges in this district have rejected it. As another Judge in this district noted:

> The Seventh Circuit and numerous courts of this district have repeatedly held that an assignee's liability, including statutory damages, is limited to instances in which the TILA violation is apparent on the face of the documents. *See Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7thCir. 1998)("Only violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA"); *see also Pulphus v. Sullivan*, 2004 WL 1588250, at *3 (N.D.Ill.2002); *Jenkins v. Mercantile Mortgage Co.*, 231 F.Supp.2d 737, 746-47 (N.D.Ill. 2002); *Herrara v. North & Kimball Group, Inc.*, 2002 WL 253019, at *3 (N.D.Ill. Feb. 20, 2002); *MorEquity*, 118 F.Supp.2d at 900; *Furge v. Evergreen Finance Co.*, 1998 WL 729624, at *2 (N.D.Ill. Oct.16, 1998). Courts of other districts have reached the same result. *See, e.g., Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa.1994)("Apparently Congress did not wish to impose liability for damages and attorney's fees on an assignee who was not responsible for and who had no notice of TILA disclosure violations at the time of an assignment.").

> Plaintiffs attempt to refute the substantial caselaw contrary to their position by citing Judge Kennelly's opinion in *Fairbanks* ... for the proposition that an assignee is treated identically to a creditor, including as to liability. Judge Kennelly's opinion "finds itself in respectful disagreement with *Brodo*, and suggests that the remedies in section 1640(a) ... are equally available against assignees as well as creditors. Plaintiffs, however, overstate the holding in *Fairbanks*. While Judge Kennelly disagreed with the *Brodo* court's conclusion that rescission is the sole remedy, Judge Kennelly expressly declined to rule on whether statutory damages are a possible remedy.... Further, because the alleged TILA violations in *Fairbanks* were apparent on the face of the loan documents, Judge Kennelly did not address whether he would reach a different result if the deficient disclosure were not facially apparent to the assignee.

*Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1131 (N.D. Ill. 2004) (cites omitted). Even more recently, another Judge in this district summarized the history on this issue this way:

> Judge Shadur reached that issue one year later in *Walker*, in which he declined to follow Judge Kennelly's approach and agreed with *Brodo*'s analysis, concluding that the imposition of statutory damages on an assignee for refusing to comply with the demand for rescission when the underlying violation is not apparent on the face of the disclosure statement "would create an impermissible end run around the obvious congressional purpose that underlies the Section 1641(a) enactment of a statutory equivalent to a bona fide purchaser rule." *Walker*, 286 F.Supp.2d at 968; *see also Payton v. New Century Mortgage Corp.*, 2003 WL 22349118 at *7 (N.D.Ill.2003) (Holderman, J.)
>
> This Court agrees with *Walker*'s conclusion that an assignee cannot be subject to damages for failing to comply with a notice to rescind issued under § 1635 when the underlying basis for the rescission is a disclosure violation not apparent on the face of the disclosure statement. Section 1641(a) specifically limits assignee liability to violations apparent on the face of the disclosure statement. To suggest that an assignee can be directly liable for damages for failing to comply with a demand for rescission that was based on a violation not apparent on the face of the document is, as Judge Shadur noted, simply an end run around § 1641(a). An assignee (or the original creditor for that matter) is not automatically liable for a simple failure to comply with the rescission demand. Rescission is not automatic if the lender disputes the borrower's claim that rescission is warranted. *Large v. Conseco Finance Servicing Corp.*, 292 F.3d 49, 55 (1st Cir.2002). Yet that is precisely the conclusion plaintiffs seek. To hold that Wells Fargo is subject to a claim for statutory damages for failing to comply with the original demand would mean that Wells

6

> Fargo was required to grant rescission even though the disclosure statement did not support the claim. That would require the assignee to go beyond the assigned documents and investigate the borrower's claim, but § 1641(a) "does not impose a duty of additional inquiry upon assignees. Only violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir.1998).

*Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 776-77 (N.D. Ill. 2007). The analysis of *Bills* is even more applicable in a case such as ours where Plaintiff admits he never sent a rescission request to US Bank.

Contrary to Plaintiff's comments, Congress' actions in §1640 and §1641 regarding assignees is consistent with TILA's overall policy, as discussed more fully in US Bank's motion to dismiss. Additionally, the party against whom Plaintiff levels his accusations, his originating lender, is a defendant and Plaintiff remains free to pursue his statutory damages and attorney fee claims against it—in fact Plaintiff just filed a motion for default against his originating lender, seeking statutory damages and attorney fees. TILA does not support, however, an award of affirmative damages or attorney fees and costs against US Bank, and this Court should dismiss Plaintiff's Count I under TILA for anything other than rescission without attorney fees.

Similarly, dismissal of Plaintiff's Count III (recoupment) is appropriate for the same reasons as the above. Plaintiff apparently pled "recoupment" because he is aware some of his claims are time-barred, as he has now admitted, but there is no authority or basis for "recoupment" under TILA outside of a foreclosure action, and as demonstrated above US Bank is entitled to assignee defenses any way. In his Response, Plaintiff essentially admits that he cannot seek recoupment under TILA, and instead introduces a novel theory that he is seeking recoupment (for alleged TILA claims) under the state Uniform Commercial Code. While such theory appears suspect, and is based on the false statement that US Bank is not a holder in due

course, as Plaintiff has not pled it there is no reason to reach it. Instead, this Court should grant US Bank's motion as to the TILA recoupment, and if Plaintiff seeks permission to file a UCC claim in another amended complaint it can be dealt with at that time.

## II. PLAINTIFF'S FRAUD CLAIM FAILS AS MATTER OF LAW AS PLAINTIFF ADMITS HE KNEW ABOUT THE RATES AND TERMS AND SIGNED ANYWAY.

In his Count II, Plaintiff alleges fraud in the inducement against his originating lender, and asks this Court to void the Loans held by US Bank (apparently without Plaintiff having to pay anything back). Plaintiff's fraud claim is based on the alleged "bait and switch" by Plaintiff's originating lender or his own mortgage broker in providing him two loans that were at higher interest rates than the initial disclosures.

In its motion to dismiss, US Bank demonstrated how Plaintiff could not satisfy the requirements of a fraud in the inducement claim in Illinois, as he admits discovering the correct terms prior to signing the Loans and signing them anyway. Plaintiff's second attempt to invoke the UCC is also unavailing even if the UCC were applicable, as it also requires that the Plaintiff not have any knowledge or "reasonable opportunity to obtain knowledge." Again, Plaintiff admits in his First Amended Complaint and in his Response brief that he knew the terms prior to closing and continued anyway. As such, Plaintiff's Count II should be dismissed.

## CONCLUSION

Assuming the truth of each and every one of his allegations, Plaintiff's claims against US Bank fail as a matter of law on all but the rescission claim, with no attorney fees or statutory damages. As such, Plaintiff's First Amended Complaint should be dismissed as a matter of law as against US Bank on parts of Count I and all of Counts II and III.

WHEREFORE, for all of the above reasons, US Bank prays this Court enter an Order dismissing Plaintiff's First Amended Complaint against US Bank on Count I as to all but rescission and on Counts II and III, including all prayers for relief therein, for its costs incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

By: /s/ *Amy A. Kalarickal*
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank*
*National Association, as Trustee*

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing US Bank's Reply Brief in Further Support of Its 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint was served upon counsel of record through operation of the Court's ECF system on **June 24, 2008:**

**Counsel for Plaintiff**
David Perry Leibowitz - dpl@lakelaw.com

**Counsel for Defendant WMC Mortgage Corporation**
Patrick Thomas Stanton - pstanton@scgk.com
Arika Joy Osacky - aosacky@scgk.com

Respectfully submitted,

By: /s/   *Amy A. Kalarickal*
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank
National Association, as Trustee*