IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO,<br><br>        Plaintiffs,<br><br>    v.<br><br>ESPERANZA FINANICAL SERVICES;<br>U.S. BANK NATIONAL ASSOCIATION, AS<br>TRUSTEE FOR THE REGISTERED HOLDERS<br>OF MASTR ASSET BACKED SECURITIES<br>TRUST 2007-WMC1 MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES 2007-<br>WMC1; MORTGAGE ELECTRONIC<br>REGISTRATION SYSYSTEM; WMC<br>MORTGAGE CORPORATION,<br><br>        Defendants. | Case No. 07 C 7006<br>Judge Manning<br>Magistrate Judge Cox |

## US BANK'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ESPERANZA FINANCIAL SERVICES

Defendant U.S. Bank National Association, as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-through Certificates, Series 2007-WMC1 ("US Bank"), by and through its attorneys, hereby responds as follows in partial opposition to Plaintiff's motion for default judgment against his originating lender, Esperanza, under Federal Rule of Civil Procedure 55.

Plaintiff alleges that Esperanza violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names two entities Plaintiff alleges were at one time the assignee holders of the Loans, and US Bank, the current holder of the Loans. US Bank filed a motion to dismiss, which is pending.

1

In his Response to US Bank's motion to dismiss, Plaintiff indicated he was filing a motion for default against Esperanza "seeking entry of an order voiding the mortgage as procured by fraud." Plaintiff's Response to US Bank's Motion to Dismiss, p. 12. In other words, unable to establish sufficient claims against US Bank, Plaintiff hopes to obtain a default judgment against a company no longer in business, and then use that default judgment to defeat US Bank's Loans. There is no basis in federal or Illinois law for Plaintiff's attempted end run around TILA and his pled claims.

In his motion for default, Plaintiff asks this Court to "Declare that Plaintiff has validly rescinded the transaction as it applies to Esperanza," "Declare that any mortgage or security interest held by Esperanza is void and unenforceable due to violation of 15 U.S.C. §1635," and "Declare that any mortgage or security interest held by Esperanza on property located at 1323 N. Cedar Lake Road, Lake Villa, IL – 60046 is void and unenforceable as it was procured by fraud." As Plaintiff has previously admitted that Esperanza no longer holds either Loan or mortgage on his property, there is no legitimate basis or purpose for these "declarations" unless Plaintiff intends to carry out his threat to use a default judgment against Esperanza in an attempt to get what he cannot against US Bank—voiding of the Loans held by US Bank.[1]

WHEREFORE, for all of the above reasons, US Bank prays this Court entered an Order denying Plaintiff's motion for default as to the items listed above, declaring in any default

[1] In addition, while US Bank takes no position on Plaintiff's request for money damages against Esperanza, it must be noted that the remainder of Plaintiff's requested relief is based on Esperanza's failure to rescind, despite the fact that Esperanza no longer held the Loans when Plaintiff requested rescission. Thus, there appears to be no basis in fact or TILA for statutory penalties, return of money paid or settlement charges, or attorney fees based on such a violation. At most, Plaintiff's appropriate relief against Esperanza would be money damages under state law for "fraud" or the increased interest Plaintiff has alleged. There is simply no basis in law or fact for any declarations or any affecting of title or security interests.

judgment order that any default against Esperanza does not affect US Bank or the Loans in any way, and for such other relief as this Court deems just and appropriate.

<div style="text-align:right">Respectfully submitted,

By: /s/ Amy A. Kalarickal
One of its Attorneys</div>

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank
National Association, as Trustee*

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing US Bank's Response in Partial Opposition to Plaintiff's Motion for Default Judgment Against Esperanza Financial Services was served upon counsel of record through operation of the Court's ECF system on **June 26, 2008**:

**Counsel for Plaintiff**
David Perry Leibowitz - dpl@lakelaw.com

**Counsel for Defendant WMC Mortgage Corporation**
Patrick Thomas Stanton - pstanton@scgk.com
Arika Joy Osacky - aosacky@scgk.com

Respectfully submitted,

By: /s/   Amy A. Kalarickal
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank*
*National Association, as Trustee*

4