# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7006 | **DATE** | June 27, 2008 |
| **CASE TITLE** | *Jaramillo v. Esperanza Financial Services* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, US Bank's motion to dismiss [53-1] is granted. The plaintiff is given 21 days from the date of entry of this order to replead consistent with this order and counsel's Rule 11 obligations.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff, Jose Jaramillo, has brought suit against several entities alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 as well as certain state law claims. Defendant U.S. Bank National Association moves the court to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons stated herein, the motion is granted.

**I.    Background**

For purposes of this motion to dismiss, the court accepts all well-pleaded facts as true. The plaintiff contacted defendant Esperanza Financial Services about refinancing the loan on his house to get a lower interest rate. Esperanza told the plaintiff that the "right" loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate. At the closing on October 25, 2006, the plaintiff and his wife were not represented by an attorney. Just prior to signing the loan documents, the plaintiff realized that the interest rates had been switched so that the larger amount had an adjustable rate and the lower loan amount had a flexible rate. The plaintiff and his wife apparently signed the loan documents anyway.

On or about October 30, 2006, Esperanza assigned the obligation to defendant WMC Mortgage Corporation. On or about November 7, 2006, WMC assigned the obligation to defendant to Mortgage Electronic Registration System ("MERS"). US Bank is, on information and belief, the current holder of the mortgage note at issue.

On November 6, 2007, the plaintiff, through his attorney, sent a notice of rescission to Esperanza, but the letter was returned because Esperanza had moved without leaving a forwarding address. On November 15, 2007, the plaintiff, through his attorney, sent the same letter of rescission to the defendant WMC, the first assignee of the plaintiff's mortgage.

The complaint alleges three counts. First, Count I is made under TILA against all defendants. In this count, the plaintiff alleges that the defendants violated TILA by not delivering to plaintiff two copies of the right to rescind. Count II alleges fraud in the inducement against Esperanza. Finally, Count III is a claim for recoupment against US Bank as the current holder of the mortgage note. US Bank seeks to dismiss each count pursuant to Rule 12(b)(6).

**STATEMENT**

**II.     Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff.  *See Marshall-Mosby v. Corporate Receivables, Inc*., 205 F.3d 323, 326 (7th Cir. 2000).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citations omitted).

The Seventh Circuit has interpreted *Bell Atlantic* as follows:
> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The Supreme Court has interpreted that language to impose two easy-to-clear hurdles.  First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) *(quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) *(alteration in Bell Atlantic )*.  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.

*E.E.O.C. v. Concentra Health Services, Inc*., 496 F.3d 773, 776 (7th Cir. 2007).  *See also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that Supreme Court in *Bell Atlantic* "retooled federal pleading standards" such that a complaint must now contain "enough facts to state a claim for relief that is plausible on its face.").

**III.    Analysis**

   A.    Count I--TILA

US Bank first argues that the TILA claim is barred by the applicable one-year statute of limitations. 15 U.S.C. § 1640 ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.").  The plaintiff's loan closed on October 25, 2006, but the complaint was not filed until December 13, 2007.

The plaintiff concedes that the case was not initiated within one year of the original alleged failure to comply with TILA and Regulation Z.  Thus, to the extent that the plaintiff's TILA count seeks damages against US Bank for the failure to comply with TILA at the time that the transaction was consummated, it is dismissed.

However, the plaintiff argues that he is entitled to pursue a separate claim for statutory damages and attorneys' fees relating to US Bank's failure to rescind within 20 days of receiving a  rescission notice.  TILA provides borrower a right to rescind as follows:
> Except as otherwise provided in this section, in the case of any consumer credit transaction . . . in which a security interest, . . . , is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later. . . .

15 U.S.C. § 1635(a).  However, if the information and rescission forms required by TILA are not provided to the debtor, then the right to rescind expires three years after the date of consummation of the transaction or the sale of the property, whichever comes first.  15 U.S.C. § 1635(f).

The implementing regulations to TILA indicate that exercising the right to rescind should be accomplished as follows:

**STATEMENT**

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, or when filed for telegraphic transmission, or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.15(a)(2). The plaintiff has pled himself out of court with respect to this claim as it relates to US Bank given that he does not allege that he sent a rescission notice to US Bank. Indeed, while the plaintiff alleges that he sent rescission notices to Esperanza Financial Services and WMC Mortgage, he admits in his response brief that the "[p]laintiff was unable to provide notice of rescission to US Bank since Plaintiff was unaware of the identity of US Bank at the time." Resp. At 5. Accordingly, US Bank's motion to dismiss the TILA count is granted.

  B. Count III–Recoupment

The plaintiff also alleges a state law recoupment count against US Bank "as the current holder of the note." Specifically, he alleges that he "is entitled to assert as offsets to liability [he] might have to US Bank as current holder of the Note securing the Loan all damages, costs, attorney's fees or otherwise as [he] might he entitled to recover. . . ." Complaint at ¶ 51. But, as the court has concluded, the plaintiff has not alleged a TILA claim against US Bank, and further, as noted below, the fraud count is not directed to US Bank. Thus, the plaintiff has not set forth any basis on which he can recover damages, costs, or attorney's fees against US Bank. As such, the court grants US Bank's motion to dismiss the recoupment count.

  C. Count II--Fraud in the Inducement

The plaintiff acknowledges in its response that this count is directed only at Esperanza. Accordingly, US Bank's motion to dismiss this count as to it is granted.

**IV. Conclusion**

At several points in his brief, the plaintiff states that he has identified additional bases for suit. The plaintiff is given 21 days from the date of entry of this order to replead consistent with this order and counsel's Rule 11 obligations.

RH/p