IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE J. JARAMILLO | ) | |
| | ) | |
| | ) | 07 C 7006 |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| ESPERANZA FINANCIAL SERVICES; | ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | ) | |
| FOR THE REGISTERED HOLDERS OF MASTR | ) | |
| ASSET BACKED SECURITIES TRUST | ) | |
| 2007-WMC1MORTGAGE | ) | |
| PASS-THROUGH CERTIFICATES | ) | |
| SERIES 2007-WMC1; | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEM; | ) | |
| WMC MORTGAGE CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

## SECOND AMENDED COMPLAINT TO RESCIND MORTGAGE PURSUANT TO FEDERAL TRUTH IN LENDING ACT

Now comes Jose J. Jaramillo ("Plaintiff"), by and through his attorneys, Leibowitz Law Center, and complains against Esperanza Financial Services, ("Esperanza"), WMC Mortgage Corporation ("WMC"), Mortgage Electronic Registration Systems ("MERS") and U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1Mortgage Pass-Through Certificates Series 2007-WMC1("US Bank") pursuant to the Truth in Lending Act, 15 U.S.C. §1601 (hereinafter called "TILA"). Plaintiff brings forth this action to enforce his right to rescind a consumer credit transaction, to void the

security interest in his home, and to recover statutory damages, reasonable attorneys fees and costs by reason of Esperanza's violations of TILA and Regulation Z, 12 C.F.R. §226 (hereinafter called "Regulation Z").

## JURISDICTION

1. Jurisdiction is conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C. §§1331 and 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. The Plaintiff, Jose J. Jaramillo, is a natural person residing at 1323 N. Cedar Lake Road, Lake Villa, IL – 60046 (the "Property").

4. At all times relevant thereto, Esparanza, was a "creditor" within the meaning of 15 U.S.C. §1601

5. At all times relevant thereto, WMC was an "assignee" within the meaning of 15 U.S.C. §1601

6. At all times relevant thereto, MERS, was an "assignee" within the meaning of 15 U.S.C. §1601.

7. At all times relevant thereto, US Bank was an "assignee" within the meaning of 15 U.S.C. §1601.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. OCWEN Loan Servicing LLC ("OCWEN") was acting as the servicer of the subject loans.

9. On information and belief the subject loans were assigned to WMC from Esperanza.

10. On information and belief the subject loans were assigned from WMC to US Bank.

11. US Bank is the current holder of the Mortgage Note.

12. At all times relevant thereto, Esperanza, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

13. Plaintiff entered into a consumer credit transaction (hereinafter "Transaction") with Esperanza in which the extended consumer credit was subject to a finance charge and which was initially payable to Esperanza.

14. At the time of the refinance, Plaintiff was employed as a foreman with a local paving company.

15. On or about September 2006, Plaintiff contacted Esperanza regarding obtaining a refinance on the Property in an effort to lower monthly payments. An employee of Esperanza (the "Employee") worked with Plaintiff over a period of three weeks promising to obtain an advantageous loan package that met Plaintiff's financial needs at the time.

16. The Employee eventually informed Plaintiff that the right loan package would involve two loans, a larger loan with a fixed interest rate and a smaller loan with an adjustable rate interest rate.

17. Plaintiff agreed to the refinance with the understanding that the adjustable rate interest rate on the smaller loan amount would start at a rate no higher than 8%.

18. The closing on the Transaction was set to take place on October 25, 2006. At the closing, Plaintiff was not represented by an attorney.

19. The parties at the closing included the Plaintiff, Plaintiff's wife, and a closing agent. On information and belief the closing agent was affiliated with Esperanza in some capacity.

20. At the closing table, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjusted rate for the larger loan amount and the fixed rate for the smaller loan amount.

21. Additionally, contrary to Plaintiff's prior understanding, the interest rate was higher than the 8% that he had been promised earlier.

22. The Plaintiff was an unsophisticated consumer acting without the benefit of legal counsel and relying on the expertise of his mortgage broker.

23. When Plaintiff questioned the closing agent regarding the mix up he was assured that as long as he continued to make timely payments on the loan, he would be able to refinance his way out of it.

24. Plaintiff was not given the requisite disclosures for the new loan package prior to closing.

25. Plaintiff did not have the opportunity to compare the new loan package to other options in an effort to determine if he was entering into a beneficial deal.

26. Plaintiff was misled in thinking that this was in fact a beneficial deal and that, if anything, he would be able to refinance his way out of this deal.

27. Ultimately as a result of the last minute bait and switch at the closing table, Plaintiff ended up with a loan package that was not the one he had bargained for.

28. The Transaction comprised of two mortgages. The first mortgage ("First Mortgage") was an adjustable rate transaction for a principal amount of $276,000.00 with an initial interest rate of 8.5%. A true and correct copy of the First Mortgage is attached hereto as **Exhibit A.** The second mortgage ("Second Mortgage") was a 30 year fixed rate mortgage for a principal amount of $69,000.00 at the rate of 10.9%. A true and correct copy of the Second Mortgage is attached hereto as **Exhibit B.**

29. As part of this Transaction, Esparanza retained a security interest in the Property which is used as the principal dwelling of Plaintiff.

30. The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

31. On or about October 30, 2006 Esparanza assigned the obligation to WMC. This document was recorded with the Lake County Recorder of Deeds on August 28, 2007 as Document No. 6233863.

32. On February 5, 2008 WMC assigned the First Mortgage to US Bank. A true and correct copy of this assignment is attached hereto as **Exhibit C.**

33. On February 5, 2008, WMC assigned the Second Mortgage to US Bank. A true and correct copy of this assignment is attached hereto as **Exhibit D.**

34. In addition to the bait and switch at the closing table, Plaintiff did not receive the proper disclosures related to the refinance.

35. Despite Plaintiff's signed acknowledgement that he had received 2 copies of the notice of the right to rescind, Plaintiff did not actually receive 2 copies pursuant to 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b). Pursuant to 15 USC §1635(c), any evidence provided by Esparanza, WMC or MERS showing a written acknowledgement by Plaintiff of his receipt of the required disclosures serves only as a rebuttable presumption of delivery.

36. The First Mortgage documents are accompanied by only 1 notice of right to cancel.

37. The Second Mortgage documents contain one notice of right to cancel signed by Jose Jaramillo and another notice of right to cancel signed by Candy Jaramillo. Therefore, Plaintiff was not provided with two notices of right to cancel.

38. On November 6, 2007, Plaintiff notified Esperanza by U.S. Mail, postage prepaid, certified mail, return receipt requested, that he was exercising his right to rescind the transaction pursuant to TILA. A true and correct copy of the rescission letter is attached hereto as **Exhibit E.**

39. The letter was returned due to the fact that Esperanza had moved without leaving a change in address.

40. On November 15, 2007 Plaintiff, by and through his attorney, sent a copy of the same rescission letter to WMC as enclosures to a Qualified Written

Request. A true and correct copy of the rescission letter is attached hereto as **Exhibit F.**

41.     On November 26, 2007 Plaintiff sent a letter to OCWEN regarding a Qualified Written Request along with copies of the notice of rescission sent to Esperanza. A true and correct copy of this correspondence to OCWEN is attached hereto as **Exhibit G.**

42.     According to the Official Staff Commentary 15(a)(2)-1 to Regulation Z, "the creditor may designate an agent to receive the notification so long as the agent's name and address appear on the notice provided to the consumer under section 226.15(b)."

43.     On April 1, 2004 the commentary was revised as follows:

In response to commenters' suggestions, comment 15(a)(2)-1 is being revised to state expressly that where the creditor fails to provide the consumer an address for sending the notification of rescission, the consumer's delivery of notification to the person or address to which the consumer has been directed to send payments constitutes delivery to the creditor or assignee. This bright-line guidance provides clarity for creditors and a practical outcome for consumers. As proposed, however, the comment recognizes the possibility that the creditor or assignee also may have allowed some other entity to serve as its agent for this purpose, which must be determined by the particular circumstances under the applicable state law. Reliance on state law is appropriate to avoid penalizing consumers who were not instructed to send the rescission notice to the loan servicer and who may send the notice to another party acting on behalf of the creditor (for example, an attorney representing the creditor).

http://www.federalreserve.gov/boarddocs/press/bcreg/2004/20040326/attachment.pdf.

44.     The notice of right to cancel in the closing file only provides Esperanza's address as 6810 West Berwyn Road, Cermak, IL.

45. However, Plaintiff was informed that OCWEN was the servicer of the loan.

46. Plaintiff was not aware of the identity of any other entity, other than OCWEN, who served as "agent" for US Bank.

47. Plaintiff had been sending payments to OCWEN regularly.

48. OCWEN was acting as an "agent" of US Bank.

49. In fact, in the "Assignment of Mortgage" attached to this Complaint as Exhibits C and D, the first paragraph clearly states "U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1Mortgage Pass-Through Certificates Series 2007-WMC1 whose address is c/o OCWEN Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409".

50. Therefore OCWEN was authorized to receive notices on behalf of US Bank.

51. OCWEN was served with the notice of rescission at the address indicated in several correspondences mailed from their office.

52. OCWEN was properly served with the notice of rescission on behalf of US Bank and as "agent" for US Bank pursuant to TILA official staff commentary §§226.15(b)-3, 226.23(b)-3.

53. Pursuant to Restatement (2d) of Agency §§9 "a person has notice of a fact if his agent...has been given notification of it, under circumstances coming within the rules applying to the liability of a principal because of notice to his agent."

54. OCWEN acted as an "agent" to US Bank and did not have interests adverse to US Bank.

55. Plaintiff was reasonable in assuming that notice to OCWEN would suffice as notice to US Bank since OCWEN was servicing the loans on behalf of US Bank.

56. Therefore, US Bank was served with Plaintiff's notice of rescission by and through OCWEN as its agent.

57. More than 20 calendar days have passed since the rescission letter was sent to Esperanza, WMC and US Bank.

58. WMC, Esperanza and US Bank have failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

59. WMC, Esperanza, MERS, and US Bank have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

### I. "TILA"

60. In the course of this Consumer Credit Transaction, Esperanza, WMC, MERS and US Bank have violated 15 U.S.C. § 1635(a) and Regulation Z, §226.15(b), § 226.23(b) by failing to deliver to Plaintiff two copies of a notice of the right to rescind which:

    a. Identified the transaction.

    b. Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

  c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

  d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Creditor's place of business.

  e. Clearly and conspicuously disclosed the effects rescission.

  f. Clearly and conspicuously disclosed the date the rescission period expired.

61. The Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to rescind and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3). Since the required disclosures were not provided, Plaintiff has up to three years after consummation of the transaction to rescind.

62. Pursuant to 15 U.S.C. 1640(a)(2)(A)(iii), Plaintiff is entitled to an award of $2,000.00 damages together with costs and attorney's fees for Esperanza, WMC, US Bank and MERS' failure to respond properly to Plaintiff's rescission notice.

63. Pursuant to 15 U.S.C. 1641(a)(1) US Bank may be imposed with civil liabilities outlined in 15 U.S.C. §1640 because it is an assignee.

64. The lack of two notices of right to cancel for both the First Mortgage and the Second Mortgage is a violation that should have been apparent from the face of the documents assigned pursuant to 15 U.S.C. 1641(a)(2).

65. The lack of two notices of right to cancel is a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned.

e. Ordering that Esperanza, WMC, MERS, and US Bank provide Plaintiff with an accounting and refund of all payments made by Plaintiff to him as described in paragraph 68 of this Complaint.

f. Awarding Plaintiff with $2,000.00 in statutory damages for Esperanza, WMC, MERS, and US Bank's failure to rescind on a timely basis pursuant to the TILA, 15 U.S.C. § 1640

g. Awarding reasonable attorney's fees and costs pursuant to the TILA, 15 U.S.C. § 1640;

h. Awarding such other relief as the Court deems appropriate and just.

## COUNT II – FRAUD IN THE INDUCMENT

69. Plaintiff incorporates by reference Paragraphs 1 through 38 as though set forth fully herein.

70. At several instances prior to the closing of the Transaction, Plaintiff was specifically informed that he would be obtaining two loans from Esperanza. The First Mortgage for $276,000.00 was supposed to be at a fixed interest rate and the Second Mortgage for $69,000.00 was supposed to be at an adjustable rate.

71. Representations regarding the interest rates on each of the loans were material facts which had been made by the Employee of Esperanza for the purpose of inducing the Plaintiff to accept the Transaction.

72. These representations were known to be false by the maker at the time, but reasonably believed to be true by the Plaintiff.

e. Ordering that Esperanza, WMC, MERS, and US Bank provide Plaintiff with an accounting and refund of all payments made by Plaintiff to him as described in paragraph 67 of this Complaint.

f. Awarding Plaintiff with $2,000.00 in statutory damages for Esperanza, WMC, MERS, and US Bank's failure to rescind on a timely basis pursuant to the TILA, 15 U.S.C. § 1640

g. Awarding reasonable attorney's fees and costs pursuant to the TILA, 15 U.S.C. § 1640;

h. Awarding such other relief as the Court deems appropriate and just.

## COUNT II – FRAUD IN THE INDUCMENT

69. Plaintiff incorporates by reference Paragraphs 1 through 38 as though set forth fully herein.

70. At several instances prior to the closing of the Transaction, Plaintiff was specifically informed that he would be obtaining two loans from Esperanza. The First Mortgage for $276,000.00 was supposed to be at a fixed interest rate and the Second Mortgage for $69,000.00 was supposed to be at an adjustable rate.

71. Representations regarding the interest rates on each of the loans were material facts which had been made by the Employee of Esperanza for the purpose of inducing the Plaintiff to accept the Transaction.

72. These representations were known to be false by the maker at the time, but reasonably believed to be true by the Plaintiff.

73. Esperanza knowingly misrepresented material facts regarding the interest rates, at a time when, and under circumstances where, there was a duty to disclose.

74. Each of Esperanza's acts and omissions of representation and concealment were material to the transaction.

75. Each of Esparanza's acts and omissions of representation and concealment were made with the intent of misleading Plaintiff into relying upon it.

76. Plaintiff was justified in relying on the representation and a lack of any concealment, and did, in fact so rely in choosing Esparanza as its lender in this transaction.

77. Esparanza benefited from Plaintiff's reliance by causing Plaintiff to enter into the transaction and by gaining additional profits resulting from Plaintiff's reliance on Esparanza's acts and omissions.

78. As a direct consequence of such reliance, Plaintiff has suffered damages, past, present and future, including but not limited to, the loss of the benefit of his bargain, paying an excessive price for the refinance, excessive finance charges, damages to their credit rating, mental anguish, humiliation, embarrassment, humiliation and aggravation, together with costs and attorney fees incurred in obtaining relief from Esparanza's wrongful acts and omissions.

79. By reason of the foregoing, Esparanza is responsible and accountable for the acts and doings in connection with the Loan.

80. Since the Loan was procured by Fraud, the Loan should be held by this Court as null and void.

Wherefore, Plaintiff respectfully prays for judgment

    a. Judgment voiding plaintiff's mortgage, in form recordable in the Lake County Recorder of Deeds, and binding on defendants and their successors and assigns;

    b. Statutory damages for failure to rescind in the amount of $2,000;

    c. Attorneys fees, litigation expenses and costs; and

    d. Such other and further relief as is just.

## COUNT III - RECOUPMENT AGAINST US BANK AS CURRENT HOLDER OF THE NOTE

1-80    Plaintiff repeats and realleges the allegations of paragraphs 1-50 as though fully set forth herein.

81.    Plaintiff became overdue on the underlying notes secured by the First and Second Mortgage sometime before February 5, 2008.

82.    US Bank was assigned the First and Second Mortgage and the underlying notes from WMC on February 5, 2008.

83.    US Bank did not take the underlying notes for the First and Second Mortgage from WMC in good faith.

84.    US Bank took the underlying notes for the First and Second Mortgage from WMC after the underlying notes were overdue or dishonored with some kind of uncured default.

85.    Therefore, US Bank is not a holder in due course.

86.    Pursuant to § 810 ILCS 5/3-305(a)(3) of the Uniform Commercial Code, Plaintiff is entitled to assert recoupment claims against US Bank because US Bank is not a holder in due course.

87. By reason of the foregoing, Plaintiff is entitled to assert as offsets to any liability she might have to US Bank as current holder of the Note securing the Loan all damages, costs, attorneys' fees or otherwise as she might be entitled to recover under Counts 1-3 herein.

Wherefore, Plaintiff prays for a determination as to what, if anything, she owes US Bank or any other Unknown Note Holder and for such other or further relief as may be just.

## JURY DEMAND

Plaintiff hereby makes a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ David P. Leibowitz
Attorney for Plaintiff

David P. Leibowitz
Attorney I.D. No. 1612271
Sharanya Gururajan
Attorney I.D. No. 6286295
Leibowitz Law Center
420 West Clayton Street
Waukegan, Illinois 60085-4216
847. 249. 9100