## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7006 | **DATE** | July 22, 2008 |
| **CASE TITLE** | *Jaramillo v. Esperanza Financial Services, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for default judgment [64-1] is denied without prejudice.

■[ For further details see text below.]

00:00

### STATEMENT

      The plaintiff filed a two-count complaint against defendant Esperanza and others with respect to the refinancing of his mortgage. The first count is against all of the defendants (i.e., Esperanza as the original lender and then the other defendants as assignees) under the Truth in Lending Act (TILA) and seeks to rescind the plaintiff's mortgage. The second count is a state law claim against Esperanza for fraudulent inducement.

      Esperanza has not answered or appeared and the plaintiff now seeks a default judgment against it. The plaintiff's motion for default judgment includes a prayer for relief asking that the court "declare that Plaintiff has validly rescinded the transaction as it applies to Esperanza," and "declare that any mortgage or security interest held by Esperanza is void and unenforceable," among other things. These declarations are sought based on the plaintiff's allegation that he sent to Esperanza a letter exercising his right to rescind the refinancing transaction pursuant to TILA, but that Esperanza "failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction." Defendants US Bank and WMC Mortgage have filed responses to the motion for default judgment arguing that the motion should not be granted in its entirety. Specifically, the defendants object on the ground that the plaintiff is seeking to default Esperanza, the original lender, and thereby avoid the mortgage, which US Bank now holds as the ultimate assignee.

      The plaintiff, however, has failed to point to any authority that the allegations, while taken as true upon default, *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004), actually establish liability for the claims alleged against Esperanza. Default proceedings consist of two stages-the establishment of the default followed by the entry of the default judgment. *Id.* The first stage occurs when a defendant fails to appear in response to the summons and complaint served upon him. *Id.* After the defendant establishes default, the plaintiff must proceed to the second stage by establishing his entitlement to the relief he seeks. *Id.*; *see also* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10A Federal Practice & Procedure, § 2688 at 63 (3d ed. 1998) ("Even after the default, however, it remains for the court to consider whether the unchallenged facts

**STATEMENT**

constitute a legitimate cause of action."). Therefore, a plaintiff is not automatically entitled to all of the relief he seeks when a defendant defaults. Instead, he must establish that his complaint alleges a meritorious cause of action and provide evidence that allows the court to "ascertain the amount of damages with reasonable certainty." *Id*. (*citing Credit Lyonnais Securities (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Here, the plaintiff has failed to set forth the specific basis for liability with respect to the TILA count. Particularly, the plaintiff fails to state how the court can grant judgment against Esperanza given that the plaintiff alleges that Esperanza assigned the mortgages to other defendants, the assignment occurred prior to the plaintiff sending the notice of rescission to Esperanza, and the letter he did send to Esperanza was returned "due to the fact that Esperanza had moved without leaving a change of address." Amended Complaint at ¶ 28. In other words, how can the court grant relief against a defendant who no longer holds the mortgage and who was not notified of the plaintiff's desire to rescind until after it had assigned the mortgage? Because the plaintiff has not answered these questions, the plaintiff's motion for default judgment against Esperanza with respect to the TILA count is denied without prejudice.

Any renewed motion must provide authority to the court indicating the specific legal basis for each of the types of relief sought against Esperanza under TILA, including rescission of the mortgage documents, money damages, attorney's fees, statutory penalties and any other declarative relief.

The court reaches the same conclusion regarding the plaintiff's fraudulent inducement count--that is, that the plaintiff has failed to properly support his request for default judgment on the fraudulent inducement count. Accordingly, it is denied without prejudice. Any renewed motion shall set forth the elements of a cause of action for fraudulent inducement and discuss, with citations to authority and the amended complaint, how the facts alleged in the amended complaint establish Esperanza's liability for fraudulent inducement.

For the reasons stated above, the plaintiff's motion for default judgment against Esperanza is denied without prejudice.

RH/p