IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ESPERANZA FINANICAL SERVICES; )<br>U.S. BANK NATIONAL ASSOCIATION, AS )<br>TRUSTEE FOR THE REGISTERED HOLDERS )<br>OF MASTR ASSET BACKED SECURITIES )<br>TRUST 2007-WMC1 MORTGAGE PASS- )<br>THROUGH CERTIFICATES, SERIES 2007- )<br>WMC1; MORTGAGE ELECTRONIC )<br>REGISTRATION SYSYSTEM; WMC )<br>MORTGAGE CORPORATION, )<br>)<br>Defendants. )<br>_____) | Case No. 07 C 7006<br>Judge Manning<br>Magistrate Judge Cox |

## US BANK's 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant U.S. Bank National Association, as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-through Certificates, Series 2007-WMC1 ("US Bank"), by and through its attorneys, moves this Court to dismiss the Second Amended Complaint filed by Plaintiff against US Bank for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, US Bank states as follows:

### INTRODUCTION

Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") alleges that his originating lender, Esperanza, violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names WMC and MERS, both of whom Plaintiff alleges are former assignee holders of

1

the Loans, and US Bank, the current assignee holder of both Loans. Plaintiff's Complaint was filed after this Court granted US Bank's motion to dismiss Plaintiff's First Amended Complaint and gave Plaintiff 21 days to replead his claims after taking specific actions. Specifically, this Court in its June 27 Order noted that Plaintiff had not provided a rescission request to US Bank, and also noted Plaintiff's statements in briefing that he had identified additional bases for suit against US Bank. Unfortunately, rather than remedy the serious procedural defects that led to that dismissal—such as by sending such a rescission request—, Plaintiff chose to simply add certain new paragraphs to his complaint, disguising legal arguments and contentions as allegations of fact. In addition, Plaintiff did not include any of these additional claims he previously stated he had now identified. Plaintiff's Complaint should be dismissed not only because it fails to remedy the defects that caused the first dismissal, but also because his claims still fail as a matter of law.

## ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action can be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The Court should dismiss a Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003), *quoting Conley v. Gibson*, 255 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

**I.  PLAINTIFF FAILS TO DEMONSTRATE THAT HE REQUESTED RESCISSION FROM US BANK AND THUS HIS COMPLAINT SHOULD BE DISMISSED IN ACCORDANCE WITH THIS COURT'S JUNE 27 ORDER.**

Rather than immediately sending a rescission request to US Bank (or its servicer Ocwen),

Plaintiff waited the 21 days and then refiled with a new contention that he had previously sent a Qualified Written Request to Ocwen under RESPA that included his letter to Esperanza as an enclosure. US Bank asserts that does not constitute a request for rescission under TILA and is legally insufficient to qualify as a rescission request. In addition, as can be seen in examining this correspondence attached to Plaintiff's Second Amended Complaint, it references only one loan number and one mortgage—thus, even if enclosing a copy of a rescission request to another lender in a packet with a Qualified Written Request could be enough to constitute a request for rescission, at most Plaintiff did so on only one loan (the first mortgage). As such, Plaintiff has to date requested rescission from two former owners on one of two loans, and has not sent such a request to US Bank on either loan.

For the same reasons this Court issued its June 27 Order and dismissal, Plaintiff's Second Amended Complaint should be dismissed. In the event this Court determines that Plaintiff's Second Amended Complaint fulfills the requirements of this Court's June 27 Order, however, there are other reasons to dismiss the majority of Plaintiff's claims as a matter of law.

## II.  PLAINTIFF'S TILA CLAIMS OTHER THAN RESCISSION ALL FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

In his Count I (and in Count III), Plaintiff specifically requests affirmative damages for an alleged non-disclosure by the originating lender, and seeks statutory damages, attorney fees and costs. Under TILA, however, Plaintiff cannot recover from an assignee any affirmative damages or attorney fees for any TILA violations by the originating lender, for several reasons.

### A.  Plaintiff's Claims for Statutory Damages for Disclosure Violations Under TILA Are Time-Barred.

Plaintiff alleges that TILA disclosures were materially false or not provided, entitling him to statutory damages. TILA provides a $200 to $2,000 statutory damage award for

3

disclosure violations by an originating lender. US Bank is not the originating lender, of course, and therefore did not make any TILA disclosure, but that issue does not need to be resolved since any disclosure claim Plaintiff may have had against any party is time-barred.

TILA provides that its one-year statute of limitations applies to affirmative disclosure claims. *See* 15 U.S.C. §1640(e). Since Plaintiff's loan closed well over a year before he filed his Complaint, his claim for alleged violations of TILA is beyond the one-year statute of limitations and is therefore time-barred.

      **B.    Plaintiff's Claims for Damages and Attorney Fees Fail as US Bank Is Not a "Creditor" Under TILA and the Alleged Violations Could Not Be Apparent on the Face of the Documents.**

            *1.    US Bank Is Not a "Creditor" Under TILA.*

Additional awards of damages, including attorney fees, are provided for in 15 U.S.C. §1640, which does not apply to assignees. That section provides, in part:

> Except as otherwise provided in this section, **any creditor** who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title ... with respect to any person is liable to such person in an amount equal to the sum of—
> ....
> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court; ....

*Id.* (emphasis added). Under TILA, the

> term "creditor" refers **only** to a person who **both** (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, **and** (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness....

4

15 U.S.C. §1602(f) (emphasis added). US Bank, of course, is a securitized trust and does not extend credit. In any case, even if that were not true, it is indisputable that US Bank is not the "person to whom the debt arising from the consumer credit transaction is initially payable," as required by §1602(f). That entity, of course, is the originating lender, which is also named as a defendant. Indeed, as specifically indicated in Plaintiff's Complaint and who is clearly identified on the copies of the two mortgages Plaintiff attached to the Complaint, US Bank was not the originating lender. Thus, under the plain language of §1640, there is no basis upon which this Court could make an award of damages or attorney fees against US Bank, even if Plaintiff were to prevail on his claim. *See, e.g., Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 358-59 (E.D. Pa. 1994); *Siner v. American Gen. Fin., Inc.*, 2004 WL 1535774 (E.D. Pa. 2004); *In re Armstrong*, 288 B.R. 404, 420 (E.D. Pa. 2003).

### 2. *The Alleged TILA Violation Could Not Be Apparent on the Face of the Documents.*

Plaintiff's claim fails for an additional reason. Even if §1640 did not make clear that assignees do not have liability for damages and attorney fees, §1641(a) specifically provides a safe harbor for assignees. TILA, under the heading of "Prerequisites" for "Liability of Assignees," provides that

> any civil action for a violation of this subchapter ... which may be brought against a creditor **may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement**, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, and (2) a disclosure which does not use the terms required to be used by this subchapter.

5

15 U.S.C. §1641(a) (emphasis added); *see also* §1641(e). This statute further prohibits an award of damages or attorney fees against an assignee, as many federal courts have held. *See, e.g., Brodo*, 847 F. Supp. at 358-59 ("Apparently Congress did not wish to impose liability for damages and attorney's fees on an assignee who was not responsible for and who had no notice of TILA disclosure violations at the time of an assignment."); *Kinzel*, 892 F. Supp. at 1215-17; *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965 (N.D. Ill. 2003); *Smith v. Highland Bank*, 915 F. Supp. 281, 284, 290, 293-94 (N.D. Ala. 1996); *Siner v. American General Finance, Inc.*, 2004 WL 1535774, *1-2 (E.D. Pa., July 8, 2004); *Kane v. Equity One, Inc.*, 2003 WL 22939377, *4-6 (E.D. Pa., Nov. 21, 2003).

In Plaintiff's Complaint, the alleged violation is non delivery of certain forms, of which it is specifically admitted that Plaintiff signed acknowledgments of receipt. If Plaintiff's allegations are true, there is absolutely no way that US Bank could determine that from the face of the disclosure statement. After all, the factual allegation is not one that the disclosures are "incomplete or inaccurate from the face of the disclosure statement or other documents." *See* 15 U.S.C. §1641(a).[1] Rather, Plaintiff alleges that although he signed acknowledgments of receipt, he did not receive copies of documents. US Bank could not be aware that a TILA violation may have occurred. Thus, §1641(a) and (e) preclude an award of damages or attorney fees against US Bank.

---

[1] Now aware of this legal standard thanks to US Bank's motion to dismiss his First Amended Complaint, Plaintiff includes an "allegation" in his Second Amended Complaint that his alleged non-receipt of two copies of the notice of right to cancel for each loan, despite his actions in signing an acknowledgment that he did receive them, should be apparent on the face of the disclosure statement. Plaintiff's legal assertion, masquerading as a factual contention specifically to avoid a motion to dismiss, is insufficient as it is not plausible on its face and can properly be ignored by this Court. *See, e.g., Reichenberger v. Pritchard*, 660 F.2d 280, 282 (7th Cir. 1981).

Congress' actions in §1640 and §1641 regarding assignees is consistent with TILA's overall policy. The policy of TILA is not undercut by refusing to provide large amounts of damages and attorney fee awards against assignees who could not determine that a rescission may be warranted. What deterrent could be provided by penalizing US Bank for an alleged violation it did not commit and could not discover? As one federal court recognized almost 30 years ago:

> The Truth-in-Lending Act has laudable purposes and should be strictly enforced by the Courts, but it should not be allowed to be used as means of oppression or harassment or unjust enrichment. [The particular interpretation of TILA sought on class actions by the plaintiffs there] could be the means of curing an illness by killing the patient and in the process promoting unnecessary litigation mainly for the benefit of a few lawyers ready and willing to promote such cases....
>
> These decisions confirm what seems intuitively obvious to the Court, namely, that the plaintiff should not win recovery of ... attorney's fees under the Truth in Lending Act unless there is some relationship between the alleged violation of the Act and the Congressional purposes of meaningful disclosure and fully informed debtors. If a debtor is fully informed and completely understands the terms of the credit agreement, but the creditor failed to comply with some requirement of the Act which does not impede the debtor's understanding of the terms of his loan, there is no sensible rationale either in law or in equity for awarding damages.

*Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F. Supp. 606, 608 (W.D. Pa. 1978).[2]

In our case, this result is fair. Plaintiff is free to pursue a cause of action against the originating lender if it violated any laws, and in fact has named that original lender in this action. However, TILA does not support an award of affirmative damages or attorney fees and costs against US Bank, and this Court should dismiss Plaintiff's Count I under TILA for anything

---

[2] Some might argue that this reasoning would prevent rescission against an assignee, yet rescission is possible because it, unlike attorney's fees and other damages, is specifically permitted against an assignee by Congress. *See* 15 U.S.C. §1641(c). Thus, rescission against an assignee is a Congressionally-created specific exception to the protection of assignees provided for in the language of §1640 and §1641(a).

other than rescission without attorney fees.

Likewise, this Court should dismiss Plaintiff's Count III (recoupment) for the same reasons as the above. Plaintiff is presumably pleading "recoupment" because he is aware some of his claims are time-barred (see above), but there is no authority or basis for "recoupment" outside of a foreclosure action, and as demonstrated above US Bank is entitled to assignee defenses any way. Nor is Plaintiff's new strategy of claiming the "recoupment" is under state law of any value, as Plaintiff admits it is for any damages under the other counts. Thus, Plaintiff's "claim" is that he should be entitled to recover under state law for all the federal claims which are time-barred or unavailable against US Bank because of specific defenses in those federal statutes. Plaintiff's "claim" for recoupment is without authority or merit and should be dismissed.[3]

### III. PLAINTIFF'S FRAUD CLAIM FAILS AS MATTER OF LAW AS PLAINTIFF ADMITS HE KNEW ABOUT THE RATES AND TERMS AND SIGNED ANYWAY.

In his Count II, Plaintiff alleges fraud in the inducement against his originating lender, and asks this Court to void the Loans held by US Bank (apparently without Plaintiff having to pay anything back as he would under a rescission). Plaintiff's fraud claim is based on the alleged "bait and switch" by Plaintiff's originating lender or his own mortgage broker in providing him two loans that had the variable rate and fixed rate switched such that they were opposite what he

---

[3] Likewise, Plaintiff's premature arguments regarding holder in due course are simply incorrect. Plaintiff is basing them on the date assignments of the mortgages were prepared or signed for recording, but assignments of mortgage are simply for notice to third parties to preserve lien position and do not establish the date the Note or interest were transferred. Interestingly, in making this premature allegation Plaintiff admits his default on the mortgages, which should prove useful in this or future litigation regarding such default. Finally, Plaintiff's legal assertions masquerading as factual allegations are premature because Plaintiff must have some valid claim before the defense of holder in due course is relevant. As Plaintiff's claims fail as a matter of law, consideration of the holder defense is unnecessary at this time.

wanted.

In Illinois, of course, to establish fraud in the inducement a plaintiff needs to prove by clear and convincing evidence a "statement of a material fact, made for the purpose of inducing a party to act; it must be false and known by the party making it to be false, or not actually believed by him, on reasonable grounds, to be true; and the party to whom it is made must be ignorant of its falsity, must reasonably believe it to be true, must act thereon to his damage, and in so acting must rely on the truth of the statement." *Sciarabba v. Chrysler Corp.*, 527 N.E.2d 368, 371 (Ill. App. Ct. 1st Dist. 1988).

In his First Amended Complaint, Plaintiff specifically admitted that "Just prior to signing the loan documents, Plaintiff realized that the mortgages had been switched. Plaintiff ended up with an adjusted rate for the larger loan amount and the fixed rate for the smaller loan amount." Plaintiff's First Amended Complaint ¶16. Now, in his Second Amended Complaint, he has revised it to say "At the closing table" instead of "Just prior to signing the loan documents" in an apparent attempt to be more vague for purposes of the motion to dismiss stage. Plaintiff's Second Amended Complaint ¶20.

Essentially, Plaintiff alleges that he wanted a fixed rate on his first mortgage and an adjustable rate on his second mortgage, and that with hindsight now he has suffered because interest rates went up on the larger loan instead of the smaller one. Plaintiff admits that he knew the terms of the loans being offered to him and that he signed anyway. Now, however, Plaintiff claims that his signatures were the results of fraud. Plaintiff fails to identify a single term of which he was not aware when he signed, and thus as a matter of law he cannot identify a false statement, that he was ignorant of any false statements, or that he relied on any false statements. As such, Plaintiff's Count II should be dismissed.

## CONCLUSION

Plaintiff has failed to comply with the requirements of this Court's June 27 Order, and thus, his Second Amended Complaint against US Bank should be dismissed. In the event it is not dismissed on that basis alone, even assuming the truth of each and every one of his factual allegations, Plaintiff's claims against US Bank fail as a matter of law on all but the rescission claim, with no attorney fees or statutory damages. As such, Plaintiff's Second Amended Complaint should be dismissed as a matter of law as against US Bank either in its entirety based on this Court's June 27 Order or on Count I (except rescission) and on all of Counts II and III.

WHEREFORE, for all of the above reasons, US Bank prays this Court entered an Order dismissing Plaintiff's Second Amended Complaint against US Bank in its entirety, or in the alternative on Count I as to all but rescission and on all of Counts II and III, including all prayers for relief therein, for its costs incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

By: /s/ *Amy A. Kalarickal*
Amy A. Kalarickal
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank National Association, as Trustee*

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing US Bank's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint was served upon counsel of record through operation of the Court's ECF system on **July 28, 2008**:

**Counsel for Plaintiff**
David Perry Leibowitz - dpl@lakelaw.com

**Counsel for Defendant WMC Mortgage Corporation**
Patrick Thomas Stanton - pstanton@dykema.com
Arika Joy Osacky - aosacky@dykema.com

Respectfully submitted,

By: _/s/ Amy A. Kalarickal_
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank
National Association, as Trustee*

11