IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| ESPERANZA FINANCIAL SERVICES; | )    07 C 7006 |
| U.S.BANK NATIONAL ASSOCIATION, AS | ) |
| TRUSTEE FOR THE REGISTERED HOLDERS OF | ) |
| MASTR ASSET BACKED SECURITIES TRUST | ) |
| 2007-WMC1MORTGAGE PASS-THROUGH | ) |
| CERTIFICATES SERIES 2007-WMC1; | ) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM | ) |
| WMC MORTGAGE CORPORATION | ) |

**PLAINTIFF'S RESPONSE TO U.S. BANK NATIONAL ASSOCIATION, AS PLAINTIFF FOR THE REGISTERED HOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2007-WMC1MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-WMC1'S AND WMC MORTGAGE CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Now comes Jose J. Jaramillo ("Plaintiff), by and through his attorney, David P. Leibowitz, and requests that this honorable court deny U.S. Bank National Association, as Plaintiff for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1Mortgage Pass-Through Certificates Series 2007-WMC1's ("US Bank") and WMC Mortgage Corporation's ("WMC") Motion to Dismiss Plaintiff's Second Amended Complaint ("Complaint") and in support states as follows[1].

---

[1] On August 22, 2008 WMC filed a motion seeking to join in on US Bank's motion to dismiss and adopt it as its own. WMC's Motion is set to be heard on August 28, 2008. Since Plaintiff's Response to the motion to dismiss is due on June 26th, 2008, Plaintiff files this Response under the assumption that the Court will grant WMC's motion. Therefore any and all references in this Response to US Bank shall be construed as a response to WMC's legal position and arguments as well.

## LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

US Bank and WMC seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), which permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Equal Employment Opportunity Commission v. Centra Health Services*, 2007 WL 2215764 at *2 (7th Cir. 2007). As explained by the Seventh Circuit, the Supreme Court has interpreted that language to impose two easy-to-clear hurdles. *Id.*, citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007). First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ...claim is and the grounds upon which it rests. *Id.,* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). Second, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above "speculative level." *Id.,* citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Iosello v. Leiblys,* 2007 WL 2398474 (N.D.Ill 2007). The Court explained that under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a cause of action." *Id.*

In deciding whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the pertinent inquiry is not whether the plaintiff will ultimately prevail in the action, but

4

whether the plaintiff is "entitled to offer evidence to support its claims". *In re Hopkins* 372 B.R. 734, 741 (Bkrtcy.E.D.Pa.,2007). Courts have also generally held that when a complaint is susceptible to a 12(b)(6) motion for dismissal, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Id.* at 742 citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004).

In this case, the Plaintiff has stated sufficient facts in support of his claim for rescission and damages against US Bank and WMC.

## **INTRODUCTION**

On June 27, 2008 this Court granted US Bank's Motion to Dismiss Plaintiff's First Amended Complaint reasoning that "the plaintiff has pled himself out of court with respect to this claim as it relates to US Bank given that he does not allege that he sent a rescission notice to US Bank." (Page 2, Docket Entry #67, Minute Entry before the Honorable Judge Blanche M. Manning).

The Court dismissed Count II (Fraud in the Inducement) of Plaintiff's First Amended Complaint recognizing that it was not directed to US Bank. The Court did not specifically address the substantive arguments made by US Bank or Plaintiff in regards to Count III (Recoupment) of Plaintiff's First Amended Complaint since the Court had already dismissed the TILA claim in Count I. According to the Order entered on June 27, 2008, Plaintiff filed a Second Amended Complaint ("Complaint").

US Bank and WMC jointly filed a Motion to Dismiss the Second Amended Complaint.

5

**LEGAL ARGUMENT**

I. **Plaintiff Provided Notice of his Right to Rescind to US Bank & WMC by Sending Notice to the Servicer and By Filing a Timely Lawsuit Naming US Bank & WMC as Party Defendants**

US Bank and WMC seem to argue that they are not liable for statutory damages for failure to timely rescind since Plaintiff did not notify US Bank or WMC of his intention to rescind. This argument must clearly fail since proper notice was provided to OCWEN who acted as servicer and agent of the current holder. (Compl. ¶48). The Official Staff Commentary 15(a)(2)-1 to Regulation Z clearly states that "the creditor may designate an agent to receive the notification so long as the agent's name and address appear on the notice provided to the consumer under section 226.15(b)." (Compl. ¶42).

Moreover, the commentary was recently revised to state "where the creditor fails to provide the consumer an address for sending the notification of rescission, the consumer's delivery of notification to the person or address to which the consumer has been directed to send payments constitutes delivery to the creditor or assignee. (http://www.federalreserve.gov/boarddocs/press/bcreg/2004/20040326/attachment.pdf; (Compl. ¶43). Plaintiff had been sending payments to OCWEN regularly. (Compl. ¶47) and OCWEN was acting as "agent" of US Bank. (Compl. ¶48). Therefore the notice sent to OCWEN was legally sufficient pursuant to the regulations of TILA.

Assuming *arguendo* that this Court finds notice to OCWEN to be insufficient notice as to US Bank and WMC, Plaintiff has also provided adequate notice to US Bank and WMC by filing a timely complaint naming US Bank and WMC as defendants. In *Payton v. New Century Mortgage Corporation,* 2003 WL 22349118 (N.D.Ill., 2003), a law suit involving the same parties US bank and OCWEN, US bank argued that it did not receive notice of

6

Payton's notice of rescission. *Id.* at 6. Similar to the case at hand, Payton had sent notice of the rescission to OCWEN as servicer of the loan. The *Payton* court found that "the filing of a complaint bearing the loan holder's name as defendant is sufficient to satisfy TILA's requirement for notice." *Id.* See also *Taylor vs. Domestic Remodeling Inc.,* 97 F.3d 96, 100 (5th Cir. 1996), *Elliott v. ITT Corp.,* 764 F. Supp. 102, 105-06 (N.D.Ill., 1991).

In this case, Plaintiff filed his First Amended Complaint naming US Bank and WMC as defendants on April 28, 2008 well within the three year extended statute of limitations from the time the loan was entered into[2]. Therefore, Plaintiff has provided proper notice of his rescission demand to US Bank and WMC by both serving it on OCWEN as servicer and agent of US Bank and by filing a timely TILA complaint for rescission naming US Bank and WMC as defendants. This obviates US Bank and WMC's arguments that the letters of rescission sent to OCWEN Bank reference only one loan and not both loans. While US Bank and WMC cite no authority for the proposition that the notice of rescission should reference all loans being rescinded, this argument is nonetheless moot under the *Payton* ruling since the First Amended Complaint and the Second Amended Complaint clearly reference Plaintiff's intent to rescind both loans.

II. **Plaintiff Has A Claim for Statutory Damages and Attorneys Fees Against US Bank and WMC As Assignees Of The Loan Under 15 U.S.C. §1640(a)**

Plaintiff concedes that this case has not been instituted within one year of the original failure to comply with TILA and Regulation Z and consummation of the loan and therefore its claim for statutory damages on that basis may be time barred. However,

---

[2] The subject loan transaction was consummated on October 25, 2006. (Compl. ¶18). Defendant WMC Mortgage Corporation was brought in as a defendant to this lawsuit much earlier on December 13, 2007.

7

Plaintiff is entitled to a separate claim for statutory damages and attorneys fees for US Bank's failure to properly rescind within 20 days of receiving the rescission notice

US Bank and WMC seem to argue that they cannot be held liable for attorneys fees and statutory damages for failure to timely rescind because they are not "creditors" pursuant to 15 U.S.C. §1640 and because the alleged TILA violation is not apparent on the face of the documents. (See Page 4 & Page 5, US Bank & WMC's Motion to Dismiss Second Amended Compl.). US Bank and WMC seize upon the language of 15 U.S.C. §1640(a) to argue that they are not a "creditor" but an "assignee" and therefore cannot be liable for statutory damages.

US Bank and WMC's argument must fail under 15 U.S.C. §1641(a) which clearly states "Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement".

The inaccurate number of Notices of Right to Cancel provided to Plaintiff at closing is a violation that was apparent on the face of the documents. (Compl. ¶64-65). Having only one Notice of Right to Cancel is a violation that could be determined "incomplete" from a cursory inspection of the closing file or "other documents assigned". 15 U.S.C. §1641(a). Since these facts are clearly alleged in Plaintiff's Second Amended Complaint, it provides "fair notice of what the ...claim is and the grounds upon which it rests. *Bell Atlantic Corp.*, 127 S.Ct. 1955, 1959 (2007). For purposes of surviving a motion to

8

dismiss, Plaintiff's Second Amended complaint plausibly suggests that the plaintiff has a right to relief, raising that possibility above a mere "speculative level." *Id.*

There have been recent decisions, including in the Northern District of Illinois, that have held that it is clear from "§1640 taken as a whole that Congress intended for §1640(a)'s remedies to apply to any creditor *or assignee* that violates TILA's provisions." *Lippner v. Deutsche Bank National Trust Company et.al.,* 544 F. Supp.2d 695, 704 (N.D.Ill., 2008) citing *Fairbanks Capital Corp v. Jenkins,* 225 F. Supp. 2d 910 (N.D.Ill., 2002). (see also *In re Madel,* Slip Copy, 2004 WL 4055247, *5 (Bkrtcy.E.D.Wis.,2004) (holding that in addition to being liable for statutory damages for disclosure violations apparent on the face of the document, an assignee may be independently liable for its own violation of the Act if it fails to respond properly to a rescission notice.").

The court in *Fairbanks Capital Corp,* clearly explained the statutory analysis in support of this contention.

> First of all, despite the use of the word "creditor" in § 1640(a)'s introductory language, it is clear from § 1640 taken as a whole that Congress intended for § 1640(a)'s remedies to apply to any creditor *or assignee* that violates TILA's provisions. If *Brodo* were correct that the remedies described in § 1640(a) were available only against the initiating creditor, there would have been no reason for Congress to include in § 1640(b) and (c) defenses to liability "under this section" (i.e., § 1640) that are available to "(a) creditor *or assignee.*" 15 U.S.C. § 1640(b) & (c) (emphasis added). In construing a statute, a court must read it as an integrated whole, so as to give meaning to all of its terms.

225 F.Supp.2d at 916

In *Payton,* the Court found that the assignee, US bank, was not liable for statutory damages, but that was only because US bank "asserted without contradiction from Payton that the basis for rescission in this case is not apparent on the face of the disclosure statement." *Payton,* 2003 WL 22349118 at 7. Two other courts that found

9

themselves in disagreement with *Faribanks* and *Lippner*, namely *Walker* and *Bills,* did so because they found the underlying violation was not apparent from the face of the documents. See *Walker v. Gateway Financial Corp.,* 286 F. Supp.2d 965 (N.D.Ill. 2003), *Bills v. BNC Mortg.,* 502 F.Supp.2d 773 (N.D.Ill., 2007). In this case, Plaintiff is clearly asserting that the basis for rescission is a violation that is apparent in the face of the documents. (Compl. ¶64-65).

Any dispute regarding whether the alleged violation is apparent on the face of the documents must be determined through discovery of the loan file and determined ultimately at trial. For purposes of this motion to dismiss, Plaintiff has met the standard and clearly pled that the violation is apparent from the face of the documents and has therefore "plead facts that, if true, establish each element of a cause of action." *Iosello,* 2007 WL 2398474 at 1.

Section 1640(e) states that a cause of action may be brought under the subsection "within one year from the date of the occurrence of the violation". The violation in this case occurred on November 26, 2007 which was twenty days from the time the letter of rescission was sent. Plaintiff instituted this complaint well within the one year statute of limitations since the First Amended Complaint was filed on April 28, 2008. Therefore, Plaintiff may maintain a claim for statutory damages and attorneys fees against US Bank and WMC for failure to properly respond to the letter of rescission.

Therefore US Bank and WMC's argument that it is not a "creditor", and therefore not liable for damages, is spurious and not supported by the plain language of the statute.

10

III. **Plaintiff May Seek Reasonable Attorneys Fees From US Bank for Violating Borrowers' Right to Rescind**

In addition to seeking damages for violating the right to rescind, Plaintiff may also seek reasonable attorneys fees for failing to timely rescind. The court in *Fairbanks Capital Corp* supports this analysis as follows:

> Second, the text of § 1640(a) itself indicates that attorney's fees, at least, are available from an assignee, and not just from the originating creditor, for violating a consumer's right to rescind. Section 1640(a)(3) provides that "in the case of any successful action to enforce the foregoing liability *or in any action in which a person is determined to have a right of rescission under section 1635 of this title,* the costs of the action, together with a reasonable attorney's fee as determined by the court" is available. 15 U.S.C. § 1640(a)(3) (emphasis added). Congress' use of the disjunctive indicates that liability for attorney's fees, at least, is not limited to actions against the creditor that initiated the loan but rather applies in "any action" in which a right to rescind is determined to exist.

225 F.Supp.2d at 915-916.

Several courts have held that denying a consumer the right to recover attorneys fees from an assignee for prevailing on a rescission suit would be contrary to the overall purpose and spirit of the Truth in Lending statute. *Fairbanks Capital Corp,* 225 F.Supp.2d at 916. "The TILA provides for an award of attorney's fees to a successful consumer in order to ensure that the consumer is made whole and to encourage enforcement of the statute's requirements." *Id.* See also *Hannon v. Security National Bank,* 537 F.2d 327, 328 (9th Cir.1976); *Corbett v. Keene Co-Operative Bank,* 498 F.Supp. 800, 802 (D.N.H.1980); *Liberty Loan Corp. v. Boyajian,* 407 F.Supp. 308, 311 (D.R.I.1976); *Jones v. Seldon's Furniture Warehouse, Inc.,* 357 F.Supp. 886, 887 (E.D.Va.1973); *Briggs v. Provident Bank*, 349 F.Supp.2d 1124, 1134 (N.D.Ill.,2004); *Lippner,* 544 F. Supp. 2d 695 (N.D.Ill. 2008).

11

Even Judge Holderman, who denied the borrower's right to statutory damages from an assignee when the violation was not apparent in the face of the document in *Payton,* agreed with Judge Kennelly's analysis in the *Fairbanks* decision and allowed for the imposition of attorneys fees against the assignee. *Payton,* 2003 WL 22349118 at 8.

Therefore, Plaintiff may maintain a claim against US Bank and WMC for attorney fees for US Bank's failure to rescind the mortgage on a timely basis. US Bank and WMC did not take any steps to toll the 20 day statutory period to rescind pending determination of whether rescission was appropriate. Therefore, this was clearly a violation of 15 U.S.C. §1635(b).

By reason of its violation of TILA for failure to rescind within the 20 days, Plaintiff has two causes of action, one for failure to rescind the first mortgage and the other for failure to rescind the second mortgage.

IV. **US Bank Has Failed To Allege And Prove That It Is A Holder In Due Course And Is Therefore Subject To A Recoupment Claim By The Plaintiff.**

In its Motion to Dismiss, US Bank seeks dismissal of Count III of Plaintiff's claim for recoupment stating that there is no authority or basis for the same. Contrary to US Bank's assertions, Plaintiff pleads affirmatively that US Bank is not a holder in due course and that the notes were assigned to US Bank sometime after they were overdue. (Compl. ¶81-85)

A holder in due course is one that takes a negotiable instrument for value, in good faith, without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series. 810 ILCS 5/3-302(a). Plaintiff has properly pled that US Bank does not meet two of these requirements since it did not take in good faith without notice of some kind of uncured default.

12

Since Notes are governed by Article III of the Illinois Uniform Commercial Code, Plaintiff is entitled to seek recoupment from US Bank pursuant to § 810 ILCS 5/3-305(a)(3) which states that the enforcement of an obligation of a party to pay an instrument is subject to the following:

> (3) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

While, UCC §3-305(b) states that recoupment is not available as a defense against a holder in due course, US Bank must plead that it is a holder in due course of the Note to avail itself of these defenses. Holder in Due Course status is not presumed. US Bank does not allege in its Motion to Dismiss that it is in fact a holder in due course thereby entitling it to take the note free from claims of recoupment.

The mortgages at issue were assigned to US Bank sometime after this case was filed. (Compl. ¶82).  Therefore, the exact date that these mortgages were transferred to US Bank remains a question of fact to be determined in discovery and ultimately at trial. For purposes of this Motion to Dismiss, Plaintiff has properly pled that US Bank is not a holder in due course and is therefore entitled to the defense of recoupment.

V. **Plaintiff Has A Valid Cause Of Action Against The Parties For Fraud In The Inducement**

In its Motion to Dismiss, US Bank and WMC seek dismissal of Count II of the First Amended Complaint for fraud in the inducement. Plaintiff is allowed to maintain a defense of fraud in the inducement pursuant to §3-305(a) of the Uniform Commercial Code against any person entitled to enforce the instrument. See Point 1 of Official Comment to UCC §3-305 (2000).

13

According to the Official Comment to UCC §3-305:

> the party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In determining whether there is a reasonable opportunity all relevant factors are to be taken into account, including the intelligence, education, business experience and ability to read or understand English of the signer. Also relevant is the nature of the representations that were made, whether the signer had good reason to rely on the representations or to have confidence in the person making them...

See Point 1 of the Official Comment to UCC §3-305.

In this case, Plaintiff was employed as a foreman with a local paving company thereby having limited sophistication and knowledge regarding mortgage loans. (Compl. ¶14, ¶22). Plaintiff was told repeatedly before the closing that he was getting two loans, the larger one having a fixed interest rate and the smaller one with an adjustable rate. (Compl. ¶70). Plaintiff reasonably relied on representations made by agents and employees of Esperanza regarding material terms of the loan (Compl. ¶76).

Plaintiff became aware of the substantial change in material terms of the loan only minutes before closing (Compl. ¶20). Plaintiff was not provided a reasonable opportunity to obtain all the disclosures or ascertain whether the loan he was about to get was in any way beneficial to him. He was not given the Truth in Lending Disclosure Statements for the new loan package ahead of time and therefore did not have a reasonable opportunity to compare the terms of the loan that he was initially offered versus the loan that he was ambushed with at closing (Compl. ¶24-25)

Plaintiff was lulled into a false sense of security that things would eventually work themselves out with the new package. Under Illinois law, a "plaintiff asserting fraud claim justifiably relies on defendant's statement of facts where circumstances were such to make it reasonable for plaintiff to accept defendant's statements without independent

14

inquiry or investigation." *Equity Builders and Contractors, Inc. v. Russell, Jr.,* 406 F. Supp. 2d 882, 889 (N.D.Ill., 2005). In this case, circumstances were such that Plaintiff accepted the statements made by Esperanza's employee and agent at closing.

Furthermore, Count II of the Complaint for fraud in the inducement is intended to seek relief against Esperanza which happens to be the originator of the loan and the original payee under the Note. Esperanza has failed to appear or file a responsive pleading in this matter till date.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny US Bank and WMC's Motion to Dismiss Count I, II and III of the Second Amended Complaint with prejudice.

Respectfully Submitted By,

/s/ David P. Leibowitz
Attorney for Jose Jaramillo

David P. Leibowitz - Attorney I.D. No. 1612271
Sharanya Gururajan - Attorney I.D. No. 6286295
Leibowitz Law Center
420 West Clayton Street
Waukegan, Illinois 60085-4216
847. 249. 9100