IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE J. JARAMILLO,<br><br>      Plaintiff,<br><br>v.<br><br>ESPERANZA FINANICAL SERVICES;<br>U.S. BANK NATIONAL ASSOCIATION, AS<br>TRUSTEE FOR THE REGISTERED HOLDERS<br>OF MASTR ASSET BACKED SECURITIES<br>TRUST 2007-WMC1 MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES 2007-<br>WMC1; MORTGAGE ELECTRONIC<br>REGISTRATION SYSYSTEM; WMC<br>MORTGAGE CORPORATION,<br><br>      Defendants. | Case No. 07 C 7006<br>Judge Manning<br>Magistrate Judge Cox |

## US BANK'S REPLY BRIEF IN FURTHER SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant U.S. Bank National Association, as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-through Certificates, Series 2007-WMC1 ("US Bank"), by and through its attorneys, hereby replies as follows in further support of its motion to dismiss the Second Amended Complaint filed by Plaintiff against US Bank for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") alleges that his originating lender, Esperanza, violated the federal Truth-in-Lending Act ("TILA") and committed fraud in its origination of Plaintiff's two mortgage loans ("the Loans"). In addition to Esperanza, Plaintiff's Complaint names WMC and MERS, both of whom Plaintiff alleges were at one time the assignee

1

holders of the Loans, and US Bank, the current assignee holder of both Loans. Plaintiff's Complaint was filed after this Court granted US Bank's motion to dismiss Plaintiff's First Amended Complaint and gave Plaintiff 21 days to replead his claims after taking specific actions. US Bank filed a motion to dismiss the Second Amended Complaint after it was filed.

In his Response brief, Plaintiff advances no meritorious reasons to ignore clear law and the facts he pled in his Second Amended Complaint, and thus US Bank's motion should be granted. Throughout his Response brief, Plaintiff continues to attempt to re-write his claims to replace ones that fail as a matter of law. While much of Plaintiff's Response brief does not need further reply beyond US Bank Bank's original brief in support of its motion to dismiss, US Bank files this Reply to address a handful of novel arguments or misrepresentations by Plaintiff.

### I. PLAINTIFF'S TILA CLAIMS OTHER THAN RESCISSION ALL FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

#### A. Plaintiff's Admits His TILA Statutory Damage Claim Fails, and His Failure to Rescind Re-write Also Fails as a Matter of Law.

In his Count I (and in Count III), Plaintiff requests affirmative damages for an alleged non-disclosure by the originating lender, and seeks statutory damages, attorney fees and costs. In his Response brief, Plaintiff admits his affirmative "disclosure violation" claim under TILA is time-barred, and thus instead attempts to re-write that claim into one for failure to respond to his rescission notice. Because Plaintiff admits his affirmative "disclosure violation" claim under TILA is time-barred, dismissal of that claim is appropriate.

In addition, dismissal of Plaintiff's purported failure to respond claim under TILA is also appropriate. In his Response brief and Second Amended Complaint, Plaintiff admits that he never sent a rescission letter to US Bank, but instead merely included a copy of his letter to Esperanza in a packet of information to US Bank's servicer that purported to be a Qualified

2

Written Request under the federal Real Estate Settlement and Procedures Act ("RESPA"). Plaintiff goes on in his Response brief to acknowledge that even that forwarded letter only referenced one of his two loans—meaning even if the copy of the letter to Esperanza that he forwarded to US Bank's servicer qualified as a rescission request, no such request has been sent on the second loan—but claims the filed complaint in this matter should qualify. On its face, Plaintiff's argument appears to be a procedurally improper motion for reconsideration of this Court's June 27, 2008 Order, which by dismissing Plaintiff's First Amended Complaint implicitly found that the complaint did not qualify as a rescission request under TILA.

Even if the First Amended Complaint and the Second Amended Complaint in this matter could qualify as rescission requests under TILA, Plaintiff could not then have a basis for a failure to rescind claim, since US Bank timely responded with motions to dismiss in both instances. Plaintiff himself claims, on page 12 of his Response brief, that US Bank should have taken steps to determine if rescission is appropriate. The filing of a motion in response to a federal complaint—the only "request" or "notice" US Bank received—would appear to be appropriate and advisable even by Plaintiff's standards. Thus, Plaintiff cannot have a claim against US Bank for failing to respond to a rescission letter, and Plaintiff's purported claim should be dismissed.

    **B.    Even if Plaintiff's Complaint Were Considered a Rescission Request Under TILA, US Bank's Rejection of That Request Is Appropriate as the Alleged Violation Could Not Possibly be Apparent on the Face of the Documents.**

Plaintiff spends the majority of his brief summarizing cases that purportedly stand for the proposition that TILA permits assignees to be held liable for alleged violations of the originator. While Plaintiff's argument greatly stretches many of those cases, such citations are irrelevant as even Plaintiff admits that TILA—and the cases he cites—specify that such liability is only possible if the alleged violation is apparent on the face of the documents. More specifically,

3

Plaintiff relies on selective quotations from *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d 910, 916 (N.D. Ill. 2002). Plaintiff both misconstrues the actual holding of *Fairbanks* and ignores the fact that the overwhelming majority of Judges in this district have rejected it, as detailed by US Bank in its pending motion to dismiss Plaintiff's Second Amended Complaint. The analysis of *Bills* and those other cases cited there is even more applicable in a case such as ours where Plaintiff's "request" for rescission is a federal complaint.

US Bank has demonstrated that the only alleged violation in this case, Plaintiff's allegation that he received only one copy of the notice of right to cancel form instead of two, is not the kind of violation that could be apparent on the face of the disclosure statement or other assigned documents. Plaintiff, ignoring his own admission that he signed an acknowledgment saying he had received two copies of the form, responds that how many copies of documents were provided to Plaintiff should be apparent on the face of the document. Plaintiff's argument is illogical, without support in the law, and simply without merit.

For all the above reasons, Plaintiff's purported claim against US Bank for failure to grant his rescission request under TILA should be dismissed.

### C. Even if Plaintiff's Complaint Were Considered a Rescission Request Under TILA, US Bank's Rejection of That Request Is Appropriate as the Alleged Violation Could Not Possibly be Apparent on the Face of the Documents.

Plaintiff also protests loudly the portion of US Bank's motion to dismiss his claim for attorney fees, which under TILA are appropriate only against the creditor (or possibly against an assignee when the violation is apparent on the face of the documents). Additional awards of damages, including attorney fees, are provided for in 15 U.S.C. §1640, which the parties agree is directed towards a creditor as defined in TILA, which does not include US Bank. Thus, the analysis for attorney fees is the same as for statutory damages for the alleged underlying

4

disclosure violation. Plaintiff's argument that 15 U.S.C. §1641(a)'s provisions should apply is of no help to him, since that statute makes clear that the violation has to be apparent on the face of the disclosure statement for there to be a possibility of assignee liability for any disclosure violation of the originator. The alleged underlying violation of TILA here, of course, is that Plaintiff claims he only received a single copy of the Notice of Right to Cancel form, rather than two copies, despite his signed acknowledgments of receipt of two copies. Presuming that Plaintiff's allegation is true, as we must at this stage, there is absolutely no way that US Bank could determine that from the face of the disclosure statement. US Bank could not be aware that a TILA violation may have occurred. Thus, §1641(a) and (e) preclude an award of damages or attorney fees against US Bank.

The language of §1641(a) is very clear on what that standard means, and it is equally clear that a reasonable person viewing the documents should not be required to disbelieve Plaintiff's signed acknowledgment and instead contact him to inquire if he might assert in the future that he was incorrect when he signed the acknowledgment. While §1635 permits a borrower to rescind a loan within three years even against an assignee, §1640 and §1641 do not permit statutory damages or attorney fees against an assignee, at least not when the alleged violation is clearly not apparent on the face of the documents.

Contrary to Plaintiff's comments, Congress' actions in §1640 and §1641 regarding assignees is consistent with TILA's overall policy, as discussed more fully in US Bank's motion to dismiss. Refusal to grant awards of attorney fees against assignees when the underlying violation—unproven at this point, it must be noted—could not have been discovered from the face of the documents. Thus, worries over borrowers not being able to vindicate their rights, when the violation is not apparent on the face of the disclosure statement, must be balanced with

5

assignees being held hostage for attorney fees for alleged violations that are not apparent and for which assignees do not have statutory damage liability under TILA.

II. **PLAINTIFF'S FRAUD CLAIM FAILS AS MATTER OF LAW AS PLAINTIFF ADMITS HE KNEW ABOUT THE RATES AND TERMS AND SIGNED ANYWAY.**

In its motion to dismiss, US Bank demonstrated how Plaintiff could not satisfy the requirements of a fraud in the inducement claim in Illinois, as he admits discovering the correct terms prior to signing the Loans and signing them anyway. In his Response regarding Count II, Plaintiff admits again that he knew about the rates before closing but signed anyway.

After ignoring how he cannot possibly meet the requirements for a fraud in the inducement claim under Illinois law, Plaintiff claims that he is permitted to retain fraud in the inducement because it is a defense under Illinois' UCC. As a preliminary matter, this is an affirmative lawsuit filed by Plaintiff, so he cannot rely on authority regarding possible "defenses" under the UCC. In any case, Plaintiff would not even have a defense of fraud in the inducement under the UCC Comment he cites, since that requires that the Plaintiff not have any knowledge or "reasonable opportunity to obtain knowledge." Again, Plaintiff has admitted multiple times that he knew the terms prior to closing and continued anyway. As such, Plaintiff's Count II should be dismissed.

III. **PLAINTIFF'S RECOUPMENT CLAIM FAILS AS MATTER OF LAW.**

Plaintiff continues to try to use his "recoupment" count to circumvent statutes of limitations and other restrictions on his other claims. US Bank has demonstrated that is improper, and in his Response brief Plaintiff does not even address why he should be permitted to use a separate recoupment claim in his affirmative lawsuit to gain damages to which he is not entitled to on the underlying claims. Thus, Plaintiff's "recoupment" count should as a

preliminary matter be dismissed as to all but Plaintiff's Illinois UCC recoupment claim.

Once reduced to that, Plaintiff's claim is nothing more than a repeat of his fraud allegation, for which he relies on the UCC as a defense. Assuming without admitting that the UCC could apply to this federally-regulated mortgage, a UCC defense is not appropriate for an affirmative action, and Plaintiff has no fraud claim to bring anyway since he has admitted multiple times that he knew the terms and signed anyway. Thus, Plaintiff's "recoupment" claim should also be dismissed.

## CONCLUSION

Assuming the truth of each and every one of his allegations, Plaintiff's claims against US Bank fail as a matter of law on all but the rescission claim, with no attorney fees or statutory damages. As such, Plaintiff's Second Amended Complaint should be dismissed as a matter of law as against US Bank on parts of Count I (everything except rescission) and all of Counts II and III.

WHEREFORE, for all of the above reasons, US Bank prays this Court enter an Order dismissing Plaintiff's Second Amended Complaint against US Bank on Count I as to all but rescission and on all of Counts II and III, including all prayers for relief therein, for its costs incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

By: /s/   Amy A. Kalarickal
Amy A. Kalarickal
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank National Association, as Trustee*

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing US Bank's Reply Brief in Further Support of its 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint was served upon counsel of record through operation of the Court's ECF system on **September 9, 2008**:

**Counsel for Plaintiff**
David Perry Leibowitz - dpl@lakelaw.com

**Counsel for Defendant WMC Mortgage Corporation**
Patrick Thomas Stanton - pstanton@dykema.com
Arika Joy Osacky - aosacky@dykema.com

Respectfully submitted,

By: /s/ Amy A. Kalarickal
One of its Attorneys

Amy A. Kalarickal (ARDC#6291675)
POTESTIVO & ASSOCIATES, P.C.
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorneys for Defendant US Bank
National Association, as Trustee*